31967. SMITH *v.* AMERICAN OIL COMPANY *et al.*

464

Decided June 9, 1948.    Rehearing denied July 23, 1948.

478

*J. O. Gibson, Waldo DeLoache, Sam J. Gardner Jr.,* for plaintiff.

*Odum & Young, Hoyt H. Whelchel,* for defendant.

GARDNER, J.. ■ There are nine special grounds. Counsel for both parties state, and we think correctly so, that special grounds 1, 2, 3, 4, 6, 7, and 8 are based on exceptions to the charge of the court dealing with the alleged negligence of the deceased in riding on the fender of the truck of the packing company. Thus they fall into an aggregate group, which in effect is governed in a greater or lesser degree by the same legal principles. They will be discussed together in this division of the opinion. It might be well to state here these special grounds and the exceptions thereto.

Special ground 1 reads: "One who knowingly and voluntarily takes a risk of injury to his person, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages from injury thus occasioned. If a passenger on a motor vehicle voluntarily goes into a patent danger that he could reasonably avoid, he fails to exercise ordinary care, and he can not recover, and if he could not recover for an injury his widow could not recover for his death. If you find that the plaintiff's husband voluntarily went into a place of obvious danger that he could reasonably have avoided, he failed to exercise ordinary care, and the plaintiff can not recover though the defendant, Seay, may have been negligent as alleged." It is conceded that the excerpt here is not an incorrect abstract principle of law, but that it is inapplicable as to the issues and evidence in the case and therefore prejudicial to

the movant for the reasons: (a) The evidence shows, without contradiction, that the deceased at the time of the collision was engaged in a necessary duty and that upon the fender was the only available place for him to ride and that his riding on the fender had no causal connection with the collision and therefore the jury was not authorized to find that the deceased had "voluntarily gone into a patent danger." (b) The fact that the deceased was riding on the fender did not represent the voluntary assumption of a patently dangerous position such as would bar a recovery. (c) That it appears without dispute that the deceased did not as "a passenger on a motor vehicle voluntarily go into a patent danger" that he could have reasonably avoided, for the deceased was carried by the operator of the packing company truck in the performance of his necessary duty, along his customary line of travel and his position on the truck was not changed until he was struck by the truck of the oil company and killed.

Special ground 2: "Under the principles I have already given you in charge, if you should find that the act of the plaintiff's husband in sitting on the fender of the truck on which he was riding, under all the. facts and circumstances existing at the time, amounted to a want of ordinary care on his part for his own safety, then you would be authorized to find that the deceased was himself guilty of negligence, and if you further find that such negligence was the proximate cause of his death, then the plaintiff can not recover."

The exceptions here are that the position of the deceased on the fender could not have amounted to a want of ordinary care for his own safety approximately causing his death, for it is undisputed that so riding had no causal connection with the collision between the trucks which caused the death of the deceased.

Special ground 3:. "A certain ordinance of the City of Thomasville has been introduced before you, and the defendants contend that the plaintiff's husband was violating Section 21 of the General Traffic Ordinance at the time of the injury herein sued for, and that his death was a result of his failure to comply with that ordinance. Section 21 of that ordinance reads as follows: 'It shall be unlawful for any person to ride on any vehicle upon any portion thereof not designated or intended for the use of passengers when the vehicle is in motion. This provision shall

not apply to an employee engaged in the necessary discharge of a duty, or within truck bodies in space intended for merchandise.' If you find that the plaintiff's husband in riding on the fender of the truck was not engaged in the necessary discharge of a duty, he was violating the provisions of that section of the ordinance.

"It would be negligence as a matter of law for the plaintiff's husband to violate the provisions of this ordinance. If the plaintiff's husband was negligent in this respect, and if such negligence amounted to a lack of such care for his own safety as an ordinarily prudent man would have taken, then the plaintiff can not recover even though you find that Joe Seay was negligent as alleged in the petition."

(a) This excerpt was inapplicable to the facts of the case for the ordinance provided it should "not apply to an employee engaged in the necessary discharge of a duty," for the evidence did not reveal that the deceased was not an employee at the time of the collision engaged in the discharge of his duty, but the evidence showed the contrary.

(b) That the evidence shows that there was no causal connection between the deceased on the truck and the collision resulting in his death; that the jury were not authorized to find that such position assumed by the deceased could amount to a want or ordinary care barring a recovery or that such position was any contribution whatever to the collision between the trucks which was the proximate cause of the death of the deceased.

(c) The position of the deceased on the truck, having no causal connection with the collision, could not, as a matter of law, operate to relieve the defendants of the responsibility for negligent conduct resulting in the death of the deceased.

Special ground 4: "If you believe that the death of plaintiff's husband was the natural and probable consequence of his riding on the fender of the truck which would have been foreseen or reasonably anticipated by an ordinarily prudent person in the exercise of due care and caution for his own safety, under the circumstances, then such conduct of the deceased may be found by you to be the proximate cause of his death, in which event the plaintiff can not recover."

The exceptions to this excerpt from the charge are to the effect

that the charge was inapplicable to the facts because there was no causal connection between the deceased's position on the fender of the truck and the collision of the two trucks and that the jury were not authorized to find, under the evidence, that the death of the deceased was the natural and probable consequences of his riding on the fender nor did the jury have authority to find that the collision which resulted in the death of the deceased "would have been foreseen or reasonably anticipated by an ordinarily prudent person in the exercise of ordinary care and due caution for his own safety" nor would the jury be authorized to find that the position of the deceased on the fender was the "proximate cause of his death." This is true regardless of whether the proximate cause of the collision of the trucks resulting in the death of the deceased was the negligence of the operator of the oil company truck or the negligence of the packing company truck, or the concurring negligence of both.

Special ground 6: "If the plaintiff's husband was violating a municipal ordinance regulating the use of a motor vehicle, he was bound to anticipate that others, like he had done, might violate a municipal traffic ordinance, and it was incumbent upon him to guard not only against negligence on the part of others which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late for him to avoid it."

Error is assigned on this excerpt (a) because a third person was driving the packing company truck; that the deceased was not using the same and had no control over it; (b) that the evidence does not show that the deceased had violated any municipal ordinance; (c) that if he had violated such ordinance such violation had no causal connection with the collision of the trucks; (d) that it was confusing and misleading to the jury and it tended to lead the jury to believe that the deceased was chargeable with the conduct of the driver of the packing company truck as a passenger on the fender and thereby put on the deceased the duty to be on the lookout and guard against the danger of the acts of negligence of the operator of the oil company truck.

Special ground 7: "If the jury should find that the degree of the deceased's negligence contributing to his injury was equal to or greater than the degree of the defendant's negligence, the plaintiff would not be entitled to recover."

The exceptions are here that since the defendant contended that the negligence of the drivers of the oil company truck and the packing company truck concurred as the proximate cause of the injury that the plaintiff would still be entitled to recover even if the negligence of the deceased equaled or even exceeded that of the defendant but was still less than the aggregate combined negligence of both tort-feasors; and the court failed to charge to this effect. It is contended that this contention is especially true since the evidence did not involve a causal connection between the alleged passive negligence of the deceased in his position on the fender of the truck and the collision between the trucks. It is here contended also that the court repeated this erroneous instruction after the jury had deliberated for some time and returned into court and asked for further instruction on "where both parties are to blame," in response to which query from the jury the court, without inquiring as to what persons they referred to as parties, that is, whether they referred to the operator of the oil truck and the alleged third party tort-feasor, operator of the packing company truck, or whether they referred to the defendant driver of the oil company truck and the deceased; and that the said erroneous charge in this special ground was thus repeated as the last and final instruction to the jury, thereby emphasizing the alleged error and aggravating the prejudice resulting to the plaintiff therefrom.

Special ground 8: "It is a rule of law that, when a wrongful act puts other forces in operation which are natural and which the act would reasonably and probably put in action, the party who puts in force the first efficient cause would be responsible for the injury proven. In other words, if you find that the direct and proximate cause of plaintiff's husband's being killed was produced by the plaintiff's husband or by the driver of the truck of the Georgia Packing Company or by a combination of the acts of both of them and not by the defendant, Joe Seay, the mere fact, if you find it to be a fact, that the plaintiff's husband was killed by the truck of the defendant, George Sears, would not create any liability in this case against the defendants, or any of them. And if there is no liability against the defendants, the mere fact that the plaintiff's husband was killed would not authorize you, in law, or in morals, to find a verdict in favor of the plaintiff."

It is contended that this excerpt from the charge was unauthorized by either the pleadings or the evidence; that the defendants did not contend that the deceased was guilty of any wrongful act that put any forces in operation. The situation of the deceased was purely passive and inactive and the said excerpt was particularly prejudicial when coupled with the language "the mere fact that the plaintiff's husband was killed would not authorize you, in law or in morals, to find a verdict in favor of the plaintiff."

(a) In discussing the foregoing assignments of error, we think it pertinent in the outset for us to state the principles of law as embodied in the Code and involved in decisions relating to negligence under the sort of case under consideration here.

Code § 105-603 reads: "Diligence of Plaintiff. If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained."

Section 94-703 reads: "Consent or negligence of person injured as defense; Comparative negligence as affecting amount of recovery. No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to him."

These sections first appeared in the Code of 1861. They are a codification of the rules adopted by our Supreme Court in certain decisions rendered prior to 1861. The decisions included Volume 31 of the Georgia Reports. In *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409, 432, decided in 1868, the court said: "The common-law rule was that however negligent the defendant may have been, yet, if the negligence of the plaintiff contributed to the injury of the plaintiff, he was without remedy. There could be at common law no apportionment of damages." In *Macon & Western R. Co.* v. *Johnson,* supra (432), Justice McCay said, with reference to the Code sections above referred to, "And it seems to us, that the Code thus happily settles a subject upon

which there has been some conflict of opinion, and no little display of learning and argument." Reverting for a moment, in the case of Butterfield v. Forrester, 11 East 60, the court laid down the rule of contributory negligence, — that is, that if the plaintiff was negligent at all, he could not recover. Then thereafter, the famous donkey case arose, Davis v. Mann, 10 Meeson and Wilsby, p. 560, in which the court announced the rule of the last clear chance. This rule is to the effect that the contributory negligence of a plaintiff will not bar him of a recovery if it is shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the plaintiff's negligence. This rule was limited by a proviso, however, that it does not also appear that the plaintiff, by the exercise of like care, could have avoided the consequences of the defendant's negligence, after the negligence of the defendant had begun and was apparent. So, according to that rule, the party who had the last clear chance or opportunity of avoiding a negligent act, is considered solely responsible therefor. After the decision in the "donkey" case, the rule of the "last clear chance" became a part of the doctrine of contributory negligence. The negligence of either party in failing to exercise ordinary care and prudence to avoid the consequences of the other's negligence was regarded as the proximate cause. Under this doctrine no comparison of negligence was involved. In this connection it might be well to call attention to the case of *Macon & Indian Springs St. Ry. Co.* v. *Holmes*, 103 *Ga.* 655 (30 S. E. 563).

(b) Prior to the Code of 1861, the first case in Georgia involving the law of negligence which resulted in personal injuries will be found in *Macon & Western R. Co.* v. *Davis*, 13 *Ga.* 68. This case grew out of an accident at a public crossing in Monroe County in December, 1851. This same case appears five times in the Supreme Court Reports, first in 13 *Ga.* 68 (supra), next in 18 *Ga.* 679, then in 19 *Ga.* 440, followed by 26 *Ga.* 250, and finally in 27 *Ga.* 113. These cases of our Supreme Court involve every rule of the law of negligence, including contributory negligence and the last clear chance. The doctrine of contributory negligence in the Butterfield v. Forrester case, supra, had been modified by the doctrine of the last clear chance laid down in the "donkey" case, Davis v. Mann, supra. It is generally under-

stood that the doctrine of comparative negligence "divides itself into three degrees, described by slight, ordinary and gross." 20 R.C.L. 146. Such is not the rule in Georgia, in the sort of actions as in the instant case. The doctrine has been extended. Juries are required to distinguish between lesser degrees of ordinary negligence. Under our rule, the plaintiff is entitled to recover unless his negligence is equal to or greater than the negligence of the defendant. This is true where both parties are guilty of only ordinary negligence, and where the negligence of both concurs as the sole proximate cause. This was the rule announced in *Flanders* v. *Meath,* 27 *Ga.* 358. In that case it was held that the plaintiff was entitled to recover if "both parties" were at fault but the defendant slightly more so. This established the rule of comparative negligence as embodied in the Code of 1861, so far as it relates to questions of liability. Under the doctrine of the last clear chance, under the common law, the negligence of the defendant in failing to use ordinary care to avoid the consequences of the plaintiff's negligence, was regarded as the proximate cause of the injury and full damages were allowed notwithstanding the prior negligence of the plaintiff. At one time this was the rule of our court. *Macon & Western R. Co.* v. *Davis,* 27 *Ga.* 113. In that case the court said: "He who is guilty of greater negligence or wrong must be considered the original aggressor and accountable accordingly." The doctrine of the apportionment of damages had an independent origin from the rule of comparative negligence which we have heretofore been discussing. We will look into the rule of apportionment of damages. The first suggestion that damages ought to be apportioned was made in the case of *Macon & Western R. Co.* v. *Wynne,* 26 *Ga.* 250 (supra), and again in *Macon & Western R. Co.* v. *Davis,* 27 *Ga.* 113. In those decisions the court was composed of Judge Lumpkin, Judge McDonald and Judge Benning. In reading those last two cases it will be observed that the judges were not in accord as to the apportionment of damages. But later, in the case of *Flanders* v. *Meath,* supra, 'the same judges, Judge Lumpkin writing the opinion, agreed on the rule of apportionment of damages as it now exists. The rule of apportionment of damages was reaffirmed in the case of *Yonge* v. *Kinney,* 28 *Ga.* 111. In that case the court said: "If the person who is injured is himself culp-

able . . the damages, if any, should not be as large as if he had been free of fault. We will not undertake to say how much such conduct ought to reduce the recovery, but will say that it ought to reduce it ·much." This was the last decision· on the question of apportionment of damages prior to the adoption of the Code of 1861. It will thus be seen that the doctrine of contributory negligence under the common law and that doctrine as modified by the rule of the last clear chance under the common law, have no place in our rule of comparative negligence and apportionment of damages under our Code sections as such. Such doctrine or rule of contributory negligence and the rule of the last clear chance are involved in and vanish as such into our principle of comparative negligence and apportionment of damages. They are involved to some extent in our principles, but they vanish as they were known and operative under the common law. 20 R.C.L. 146, says: "The great' majority of courts . . repudiate the doctrine of comparative negligence." The doctrine of comparative negligence and apportionment of damages obtains in Georgia. Contributory negligence, when used in our Code or decisions with reference to negligence, has a different meaning from contributory negligence as known to the common law. It seems that the combination of our law of comparative negligence and the apportionment of damages is unique, taking on a combination of the common law of England and the civil law of Rome. Without going into details as to the distinctiveness of our rule, it is really not an apportionment of damages as compared to the negligence of both parties, for it does not apportion the damages beyond the point where the negligence of both parties are equal, or that of the plaintiff, greater, than the negligence of the defendant.

(c) We are not here dealing with, and we are not unmindful of certain statutory provisions, applicable to situations in cases unlike the one before us, — for instance, the degree of diligence which a common carrier owes to passengers, the rule applicable to diligence of bailors and bailees, and also the law applicable under the Workmen's Compensation Act (which does not involve negligence at all even though negligence be involved by either one or both the parties), and other statutory provisions standing upon like footing. What we have said here and will say afterwards herein applies only to that great number of cases which

arise under what is known as general negligence between the parties with reference to the exercise or the failure to exercise ordinary care. From our investigation we feel that we should here state certain well-established rules of law which will be helpful in reaching a correct decision in this case under its pleadings and facts, and other similar cases.

(1)   If the negligence of the plaintiff equals or exceeds that of the defendant, a recovery can not be had by the plaintiff.

(2)   If the plaintiff is negligent in a lesser degree than the defendant, a recovery may be had.

(3)   If the plaintiff is negligent, in a lesser degree than the defendant, there may be a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff.

(4)   Under the Georgia comparative negligence rule, the negligence of both the plaintiff and the defendant must concur to proximately cause the injury or damage.

(5)   If the injury or damage is occasioned by the failure of the plaintiff to exercise ordinary care for his own safety, he can not recover.

(6)   Even though the defendant is negligent, if the plaintiff could have, by the exercise of ordinary care, avoided the consequences of the defendant's negligence or if the plaintiff could have, by the exercise of ordinary care, have discovered and avoided the negligence of the defendant, he can not recover.

(7)   The duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the negligence of the defendant becomes known to the plaintiff or by the exercise of ordinary care should have been known to him.

(8)   The plaintiff is not held accountable for negligent acts on his part for those acts of negligence on the part of the defendant which could not have been reasonably anticipated by the plaintiff, and vice versa.

(9)   It is generally a question for a fact-finding body to determine questions of negligence and whose negligence and what negligence involved is the sole proximate cause of the injury. It is only where the negligent conduct alleged is susceptible of but one inference that it becomes a question of law for the court to determine.

■ ■ Special ground 1: In studying these assignments on the excerpts from the charge of the court, we must consider the charge as a whole. It is not contended that the excerpt on which error is assigned is not correct as an abstract principle of law, but it is contended that it was not authorized by the evidence and law applicable to the instant case. Immediately preceding the excerpt, the court charged: "However, I charge you in this same connection that if by the exercise of ordinary care the deceased could have avoided the injury to himself, the plaintiff can not recover, even though you find the defendant was negligent as alleged." And immediately after the excerpt complained of, the court charged: "The duty to exercise ordinary care to avoid the consequences of the other's negligence does not arise until the injured party knew or in the exercise of ordinary care ought to have known of the other's negligence. If, however, the deceased did not know or in the exercise of ordinary care could not have known of the negligence, if any, of the defendant, then there would be no such duty to avoid the consequences of the defendant's negligence, if you find that the defendant was negligent in some way alleged." In *Hennemier* v. *Morris*, 48 *Ga. App.* 840 (173 S. E. 924), the court held: "The operator of a motorcycle has the right to assume that the operator of an automobile will obey a municipal ordinance prohibiting any motor vehicle from being driven over a 'stop' sign, at the intersection of two streets, until after the vehicle is brought to a full stop; and the driver of the motorcycle is not guilty of a want of ordinary care or of contributory negligence in acting on such assumption, unless the circumstances are such as to warn him that the operator of the automobile will probably fail to obey the ordinance. And whether the circumstances are sufficient for such warning is generally a question for the jury."

In the case of *Whatley* v. *Henry*, 65 *Ga. App.* 668, 674 (16 S. E. 2d, 214), this court said: "Before considering this assignment it would be well to observe that there are two classifications of negligence as to the plaintiff, contributory and comparative. Contributory negligence is of two separable, distinct defenses (*Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559, 562, 64 S. E. 680; *Savannah, Florida & Western Ry.* v. *Stewart*, 71 *Ga.* 427 (2)): first the plaintiff must at all times use ordinary care for his own

safety; that is, he must not by his own negligence (or consent) proximately cause his own injuries; and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent. Either or both of these defenses go *in bar* of the right of recovery. Comparative negligence by the plaintiff is that negligence which joins with the negligence of the defendant in proximately causing the injuries of the plaintiff and goes *in reduction* of the *amount of recovery* in proportion that the negligence of the plaintiff compares with that of the defendant, resulting, *by reduction,* in a bar of recovery when the negligence of the plaintiff is equal to or greater than that of the defendant. Comparative negligence is applicable only when the jury has not found either the negligence of the plaintiff or that of the defendant to be the sole proximate cause." It will thus be seen, when we consider the excerpt in its proper setting, under the evidence in the instant case, that it is not subject to the criticism made. It was a jury question as to whether the deceased in riding on the fender of the car, was in the exercise of ordinary care for his own safety. The law required of him that he must not, by his own negligence or consent, proximately cause his own injuries. And further, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or in the exercise of ordinary care it should become apparent. Either or both of these, if proved, would bar the plaintiff from recovering. Under the evidence it seems to us that the jury were authorized to find against the plaintiff. At least we think that the evidence authorized the jury to find that the negligence of the deceased, in this respect, was equal to if not greater than that of the defendant in a corresponding effect. We are not here considering the rule of comparative negligence. That doctrine, under our law, is applicable only when the jury has not found either the negligence of the plaintiff (deceased) or that of the defendant to be the sole proximate cause. In our opinion the instant case is controlled in principle by the decision of this court in *Taylor* v. *Morgan,* 54 *Ga. App.* 426 (188 S. E. 44). The court said: "1. One riding on the running-board of an automobile is not necessarily negligent; although he may be found negligent if there was no reason for his assuming such a

position. In such a case the question of negligence is ordinarily for the determination of the jury. 2. A person who voluntarily rides on the left-side running-board of an automobile on a dusty road, in such a position that his body protrudes beyond the car, and by reason of such fact he is struck by a passing car which itself may be violating the rules of the road, is guilty of such a lack of ordinary care to avoid the consequences of the negligence of drivers of other vehicles as will preclude a recovery by him of injuries received in such a manner. 'A person who voluntarily assumes a position of imminent danger when there is at hand and accessible to him a place of safety, and by reason of having assumed such dangerous position he is injured, can not recover against another who is also negligent. Such conduct amounts to the lack of ordinary care.' "

It is contended by able counsel for the plaintiff that the court held that the deceased in that case was grossly negligent and that the deceased in the instant case could not be said to have been grossly negligent. We do not think the decision in that case turned upon this question at all. It is true that the court in that opinion held that the negligence of the deceased was so obviously the cause of his death that the court was bound as a matter of law to hold that the plaintiff was not entitled to recover. The extent of the holding, however, was that the deceased in that case was guilty of such want of care as to bar a recovery. The deceased in that case was riding on the running board, in a stooping position, with the back portion of his body protruding from the outer lines of the car. He was riding on the left side of the car. He was struck and killed while thus riding, by a car meeting the car on which the deceased was riding. The driver of the car which struck the deceased in that case was violating the law by driving on the left side of the center of the road. The jury returned a verdict for the plaintiff who was the widow of the deceased. This court reversed the judgment on the ground that the negligence of the deceased in assuming the position that he did on the car was such negligence as would bar a recovery. Without discussing in detail the similarity of the evidence in this case and in that case, we might say that we are unwilling to hold that one who assumes a position by riding on the left fender of a truck, as the deceased was doing in the instant case, crossing

intersections of a much used street, is not also guilty of such negligence as would bar a recovery for his death. At least we think it was a jury question. The jury decided the issue against the plaintiff. From the evidence it appears in the instant case, that the deceased had no way of holding himself upon the fender. The similarity of the situation in the instant case and in *Taylor* v. *Morgan,* supra, is striking. It will be noted also that in the *Taylor* case the defendant was negligent per se and the jury so found. In the instant case, under the evidence, the jury were authorized to find that the deceased was violating a city ordinance in so riding on the fender, and the defendant was not negligent per se. Counsel for the plaintiff contends enthusiastically that the negligence of the deceased in the instant case, was passive and not active; that his riding on the left fender of the truck had no causal connection with the proximate cause of the injury. We might here state that "causal relation is one of fact; and it is always one for determination by a jury except when facts are such that they will support only one reasonable inference. Green's Proximate Cause, p. 132. There must be no reasonable grounds for two opinions." *Letton* v. *Kitchens,* 166 *Ga.* 125 (142 S. E. 658). Also, in *Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (1) (62 S. E. 64), the court said: "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety and that of his property, can not hold another liable for damages from injuries thus occasioned." In *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, 713 (39 S. E. 306, 54 L. R. A. 802), the Supreme Court said: "If there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing an act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained; and if he fails to do this, and is injured, he will not be allowed to recover, if by taking proper precautions he could have avoided the consequences of the negligence of the person inflicting the

496

injury." Counsel for the plaintiff call our attention to *Whitaker* v. *James, MacDougald, Smith, Pew Co.,* 69 *Ga. App.* 711 (26 S. E. 2d, 545), and *Dunbar* v. *Davis,* 32 *Ga. App.* 192 (122 S. E. 895). We do not think that there is anything in those cases contrary to what we here hold. Counsel also call attention to numerous decisions from other States, as well as 45 C. J. 988, paragraph 540; 38 Am. Jur. 896-899, paragraphs 212, 213. Notwithstanding what is said in those authorities, it seems that our courts have settled the question insofar as this State is concerned.

Special ground 2: In addition to the excerpt set forth in this special ground, the court further charged in this connection: "The law does not forbid a person under any and all circumstances to ride on fenders of trucks and the question of whether or not the plaintiff's husband was violating this ordinance and whether it was negligence on his part to be seated on the fender of the truck on which he was riding at the time of his death is a question for the jury alone to determine after considering all the facts and circumstances of the case. In determining this question, that is, whether it was or was not negligence on the part of the deceased to be in the position occupied by him, you may consider the exact work or task in which he was engaged, and whether in this connection it was essential for him to travel from one post to another and whether in that connection it was essential for him to be in that position, whether there was or not another safer place where he could have ridden which was then accessible and available to him. You may also consider the type of road on which he traveled, the speed at which these trips were customarily made, the skill or care, or the lack thereof, possessed and used by the driver on previous trips and similar missions insofar as these things may legitimately appear from the evidence in this case. On this question the court neither entertains nor expresses any opinion whatever, but instructs you, as already stated, that this is a question of fact for you to determine.

"The court instructs you that the deceased in riding on the packing company truck, assumed the risks inherent in and ordinarily attendant upon riding in such position, but he did not assume the risk of a collision due to the defendant's negligence, if any, and of death resulting therefrom. Although the deceased by allowing his person to be exposed to danger, if you find that

such position was dangerous, took upon himself the risk of loss or injury by mere accident, he did not thereby discharge the defendant from the duty of observing ordinary care and prudence.

"If you should find, under all the facts and circumstances of the case, that the presence of the deceased on the fender of the truck did not constitute negligence, then you will drop your inquiry as to this phase of the case; on the other hand, if you find that such conduct did constitute negligence, it would then be your duty to go one step further and determine whether such negligence and conduct proximately caused the death of plaintiff's husband."

What we have said in special ground 1 is applicable to special ground 2 also, notwithstanding decisions from other jurisdictions called to our attention by the attorney for the plaintiff.

Special ground 3: The objection urged in this ground is to the effect that under the evidence it was necessary for the deceased to assume the position on the fender of the truck and to remain in that position until the collision occurred, for he was in the discharge of his duties and under the provisions of the ordinance in the discharge of such duties it was necessary for the deceased to ride as he did on the left fender of the truck. Besides this, it is contended that the plaintiff is not barred of recovery for an injury suffered by negligence on his part because of the violation of the ordinance by him, for the reason that if the deceased violated the statute, such violation by him had no causal connection with the collision which resulted in his death. The reason we set out the pleadings and the evidence in unusual detail was because we thought that better than to enter into a detailed discussion of the law applicable to the many points raised and discussed in the pleadings and the brief of able counsel for both parties. A reading of the evidence to our mind will disclose that whether it was necessary for the deceased to ride on the left fender of the truck, and whether his doing so had any causal connection with the injury which he received are jury questions and are not questions of law. And the cases cited by distinguished counsel for the plaintiff do not require a reversal of the case under the statutes and decisions of our State. Counsel for the plaintiff in error cite *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159 (60 S. E. 1068), *Huckabee* v. *Grace,* 48 *Ga.*

*App.* 621 (173 S. E. 744), 45 C. J. 972-975, paragraph 528, 38 Am. Jur. 899, paragraph 214, *Hughes* v. *Atlanta Steel Co.,* 136 *Ga.* 511 (71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394), and *Rome R. Co.* v. *Thompson,* 101 *Ga.* 26 (28 S. E. 429). The facts in the instant case differentiate it from the facts in the Georgia cases to which our attention is called. As to whether it was necessary for the deceased to ride on the left fender of the truck, under the record in this case, was a jury question. In construing the word "necessary" in the ordinance, the ordinary signification of that word should be applied to it under our Code, § 102-202. This rule of construction applies to ordinances as well as to statutes of our State. *Snow* v. *Johnston,* 197 *Ga.* 146 (28 S. E. 2d, 270). We find no reversible error in this special ground.

■ The excerpt from the charge in special ground 4 sets forth only a part of a sentence. To get the full import of the court's charge in this connection, we deem it essential to set forth the entire sentence. Besides, we should look to the entire charge, and the whole evidence, in order to determine whether the assignment of error requires a reversal. The excerpt we will put in parenthesis, and follow immediately thereafter the remainder of the sentence.

" (If you believe that the death of plaintiff's husband was the natural and probable consequence of his riding on the fender of the truck which would have been foreseen or reasonably anticipated by an ordinarily prudent person in the exercise of due care and caution for his own safety, under the circumstances, then such conduct of the deceased may be found by you to be the proximate cause of his death, in which event the plaintiff can not recover), on the other hand, if you find that his death was not the natural and probable consequence of his riding on the fender of the truck, but that that was only a condition or attendant circumstance of the injury, in other words, a remote cause thereof, and if you further find, in that connection, that at the immediate time and place of the collision in question the defendant Seay was negligent, as alleged in the plaintiff's petition, and that such negligence then and there intervened and directly and immediately brought about the injury and death of the plaintiff's husband, then if you find that to be true, and

that the deceased Cecil Smith could not have avoided, by the exercise of ordinary care, the consequences to himself of the defendant's negligence, after it became known or should have been discovered by him, you would find that such negligence of the defendant Seay was the proximate cause of the death of the decedent and the plaintiff would be entitled to recover." We call attention, in this connection, to *Loudermilk* v. *State*, 41 *Ga. App.* 286 (152 S. E. 593); *Howard* v. *Macon Ry. & Light Co.*, 17 *Ga. App.* 55 (86 S. E. 256). In *Williams* v. *Grier*, 196 *Ga.* 327, 337 (26 S. E. 2d, 698), the court said: In order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued, it is sufficient, if in ordinary prudence he might have foreseen that some injuries would result from his act or omission and that consequences of a generally injurious nature might result. The assignment of error in this ground does not require a reversal.

■ Special ground 6: The assignment of error in this special ground is to the effect that the court erred in charging the jury that if the deceased was violating a municipal ordinance in riding on the left fender of the truck, he was bound to anticipate that others, like himself, might violate a traffic ordinance and that in so riding it was incumbent upon the deceased to guard, not only against negligence on the part of others, which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late for the deceased to avoid such negligence. Under the pleadings and evidence in this case, we think this was a statement of a correct principle of law and was adjusted to the evidence as set forth herein, as well as in *Taylor* v. *Morgan*, supra, and in *Williams* v. *Grier*, supra. On this question the Supreme Court in *Williams* v. *Grier* (page 338), said: "The defendants further insist, however, that the petition shows upon its face that the negro driver, in approaching the intersection 'at a very high rate of speed,' was himself guilty of a criminal act, and that such violation of the law on his part was something that was not reasonably to be anticipated. See Code §§ 68-301, 68-303 (i), 68-9908. But the defendants themselves were violating a municipal ordinance; and this being true, it was incumbent upon them to anticipate that others, like themselves, might dis-

obey the traffic laws and regulations." (The writer might add here, if it could be of any consolation to counsel for the plaintiff, that he wrote the case of *Williams* v. *Grier* in this court and at the time held to the view which attorneys for the plaintiff now hold and contend, but the Supreme Court took a different view from the writer and reversed the case, therefore the Supreme Court decision placed the writer and distinguished counsel for the plaintiff as entertaining the same view, but without authority to enforce it. This court is bound by the decision of the Supreme Court, and counsel for the plaintiff will have to go along with us.) Therefore we are without authority to reverse the case on the assignment of error in this ground. For the evidence in the instant case authorized this charge equally as much as the allegations warranted such principle under the alleged facts of the *Williams* case. There is nothing to the contrary in *Minnick* v. *Jackson*, 64 *Ga. App.* 554 (13 S. E. 2d, 891), on which counsel for the plaintiff rely.

■ Special ground 7: The effect of the assignment of error in this ground is that the court erred in charging that if the degree of negligence of the deceased which resulted in his injury was equal to or greater than the degree of the defendant's negligence, the plaintiff could not recover. This contention is based on the principle that in so charging the court overlooked the fact that the plaintiff contended that the negligent operation of the truck driver of the packing company truck (although not a party defendant) concurred with the negligent acts of the defendant Seay, operator of the oil company truck, as the proximate cause of the collision which resulted in the death of the deceased and that the evidence warranted this contention. Therefore the excerpt in this ground was error because the plaintiff would be entitled to recover if the aggregate negligence of the drivers of both trucks exceeded the negligence of the deceased. In addition to the excerpt set out in this special ground on the question now under consideration, the court charged: "On the other hand, the court instructs you that if an injury or death results from separate negligent acts of different persons, such wrongdoers whose negligence concurred in and contributed to the injuries, may be sued separately or together. And in this connection the court instructs you that even if you find that the said Calvin

House was negligent in the operation of the packing company truck at the time and place of the collision, and that such negligence proximately contributed to the death of the deceased, but if you also find that the defendant Seay was negligent in any one or more of the particulars alleged by the plaintiff in her petition, and that such negligence likewise contributed to and proximately caused the death of the plaintiff's husband, in other words, if you should find that the separate negligent acts of the said House and the defendant Seay concurred in and contributed to the death of the plaintiff's husband, as the proximate cause thereof, the plaintiff would nevertheless be entitled to recover against the defendant Seay, notwithstanding the fact that no action is brought against the said House and without any reduction in the amount of the damages to which you may otherwise find she is entitled by reason of any contribution which the negligence of the said House may have made to the death of the plaintiff's husband, provided you also find that the deceased himself was not lacking in ordinary care and diligence for his own safety and could not, in the exercise of such care, have avoided the consequences to himself of such concurring separate negligent acts after the discovery thereof or after he, in the exercise of ordinary care, should have discovered the same." This court in *Mishoe* v. *Davis,* 64 *Ga. App.* 700 (14 S. E. 2d, 187), had before it this identical question. It was there held that the assignment of error similar to the one here, was not error. We think that it is well settled that where the acts of negligence of two or more tort-feasors concur as the proximate cause of an injury, the party aggrieved may sue either one or all of the joint tort-feasors. Where recovery is sought against only one of them, the law seems to be that the plaintiff is entitled to a recovery unless the negligence of the plaintiff equals to or exceeds that of the tort-feasor against whom the action is instituted. In such a situation it is not proper for the court to charge that the plaintiff would not be entitled to recover if the negligence of the plaintiff equaled to or exceeded the combined negligence of the joint tort-feasors. In this connection counsel for the plaintiff call our attention to *Kelly* v. *Locke,* 186 *Ga.* 623 (198 S. E. 754). In reading that decision, in the charge therein we discern quite a distinction between that charge and the charge in the instant case. It

will be observed that in *Kelly* v. *Locke,* supra, the trial court in its instruction in effect required the jury to find that either the negligence of one tort-feasor or the other was the proximate cause of the injury and prevented the jury from finding, as they might have done, that the concurrent negligence of both tort-feasors was the proximate cause of the injury. The trial court in the instant case did not, as we see it, commit that error. It seems to us that the true rule, in the instant case, is that (and it is supported by the pleadings and the evidence and the charge) no plaintiff is entitled to a judgment against a tort-feasor to whose negligence the plaintiff's is equal. *Mishoe* v. *Davis,* supra. This ground does not require a reversal.

■ Special ground 8: Under a proper construction, when we view the excerpt in the light of the whole charge and the evidence in the case, and when we construe the evidence most favorably to sustain the verdict, which we are required to do, we do not think the excerpt is susceptible of the construction placed upon it by the plaintiff. That construction is that the effect of the charge was to instruct the jury that the deceased negligently put the forces in operation which naturally and reasonably and probably were the efficient causes of the collision which caused the injury. While the court did not say that if such forces were put into operation by either the deceased or the driver of the packing company truck or by a combination of the acts of both of them, etc., it must be remembered in this connection that the evidence sustains the proposition that the deceased did hold up his hand when he saw the oil truck approaching, and we think in this connection the jury were authorized to find, and it was so contended by the defendants, that this signal by the deceased was for the truck of the packing company to stop and the oil company truck to proceed across the intersection. It is not contended that the excerpt complained of in this connection is not true as an abstract principle of law. We call attention to *Edwards* v. *State,* 63 *Ga. App.* 212 (10 S. E. 2d, 449). In looking to the whole charge and the other parts of the record in the case, we find no reversible error in this ground.

■ Special ground 5: Following the arrangements of the argument of counsel, we here revert to special ground 5. Since we did not heretofore quote the exceptions to the charge as contained in this ground, we will now do so.

"Now, gentlemen of the jury, the defendants charge by way of an amendment to their answer that at the time and place in question there was of force in the City of Thomasville a valid municipal ordinance regulating the use of motor vehicles in said city as follows: 'That at the intersection of Crawford Street with Jefferson Street, Crawford Street is hereby made and declared to be a through street, and every operator of a vehicle or other conveyance traversing Crawford Street from Jefferson Street shall bring such vehicle or conveyance to a full stop at the place where such street meets the prolongation of the property line of Crawford Street.' They further allege that the driver of the truck of the Georgia Packing Company on which the plaintiff's husband was riding, violated such ordinance in driving into Crawford Street without bringing to a full stop at the place where Jefferson Street meets the prolongation of the property line of Crawford Street the truck of the Georgia Packing Company which he was driving; that such violation was negligence per se and the proximate cause of the injury and damage sued for.

"The defendants further in said amendment alleged that there was in force in the City of Thomasville at said time a valid municipal ordinance regulating the use of motor vehicles in said city as follows: 'The operator of a motor vehicle upon coming to a street intersection which is a stop street, and is so marked, shall not cross said stop line until he has brought his motor vehicle to a complete standstill regardless of the direction in which he intends to turn.'

"The defendant further alleges that House, the driver of the packing company truck, violated said ordinance by crossing the stop line at Crawford Street, Jefferson Street being a stop street and so marked, before he brought his motor vehicle to a complete standstill; that such violation was negligence per se and was the proximate cause of the injury and damage sued for.

"Now, on the other hand, gentlemen of the jury, the plaintiff contends that these ordinances to which the court has just referred were not enforceable, and, therefore, were not violated by the said House because the same ordinance of the City of Thomasville, as amended, further provides that 'No provision of this ordinance for which signs are required shall be enforceable against an alleged violator, if, at the time and place of the alleged

violation, any sign herein required is not in proper position and sufficiently legible to be seen by an ordinarily observant person.' And it further provides that 'The police department is hereby authorized to place and maintain, or cause to be placed and maintained, on each and every street intersection of a through street designated herein, and at or near the property line of the through street, appropriate signs upon the street (in addition thereto may place and maintain any appropriate device or marks in the roadway) such signs, devices or marks to bear the word 'stop' and to be located in such position and to be provided with letters of a size to be clearly legible from a distance of at least one hundred feet along the street intersecting the through street.' And the plaintiff further contends, in this connection, that the alleged through street was not marked in according [accordance] with the provisions of said ordinance in that it was not marked at or near the property line by appropriate signs, upon the street, such sign bearing the word 'stop' and located in such position and provided with letters of a size to be clearly legible from a distance of at least one hundred feet along the street intersecting the through street, and in that no sign had been erected, sufficiently legible to be seen by an ordinary observant person as thus required.

"Now, gentlemen of the jury, you look to the evidence and to the ordinances that have been introduced in evidence to determine what, if anything, are the conditions of their enforceability, and whether or not when the entire ordinance has been properly considered by you, the said House was guilty or not of violating the provisions of said ordinance he would be guilty of negligence as a matter of law. On the other hand, if you find that he was not guilty of violating such provisions, he would not be guilty of negligence as a matter of law."

It will be observed that these assignments of error refer to certain ordinances of the City of Thomasville. The assignments of error based on this excerpt of the charge in this ground embrace approximately nine pages of the record and a number of pages of the brief of both parties. It will be impractical for us to discuss in detail the issues raised here. The ordinances were pleaded defensively. They were introduced without objection. They were referred to in the evidence by the witnesses directly

and indirectly, we might say in a voluminous way. Then too, there appears in the evidence photographs of the stop sign and the overhead signal and the location of the streets forming the intersection and the intersection. After much study of the record of the evidence, we find many conflicts, as to whether the provisions of the ordinances were being enforced, and as to the intention of the authorities of the City of Thomasville as to the extent in which they were to apply in an operative manner concerning this intersection. We conclude, however, that inasmuch as the substance of the ordinances were pleaded defensively and were introduced without objection, the charge excepted to concerning them shows no cause for reversal. From the excerpt it will be discerned that the court's charge was as favorable to one side as to the other, and we do not think prejudicial to either. It must also be kept in mind that in the pleadings and in the evidence there was a commingling of statutory and common-law negligence (and we do not use this phrase in disparagement of the able contest made for both parties by their counsel regarding their respective contentions). But we simply mean to say that in such an action it is permissible in the pleadings and in the evidence, as was done here, to include both acts of negligence per se and negligence under the common law. For "ordinances and statutes imposing specific duties do not disturb the common law rules as to diligence and negligence." *Williams* v. *Grier,* supra. In our opinion the assignments under this ground do not require a reversal notwithstanding the citation of counsel for the plaintiff to the contrary. That citation is *Southern Ry. Co.* v. *Maddox,* 63 *Ga. App.* 508, 512 (11 S. E. 2d, 501). The facts in that case differentiate it from the instant case. We think that a study of the excerpt of the charge herein and the evidence which we have set out, in connection with the other portions of the record, are themselves sufficient to show that this special ground contains no reversible error, without further comment.

Special ground 9: After the court had instructed the jury and just before they retired to consider the case, one of them asked the court "was either one of the drivers fined in the City of Thomasville." The court replied: "There is no evidence of this in the case. That is a matter not in evidence and the court can't instruct you on it." Error is assigned on this colloquy be-

cause it is contended that evidently the juror who propounded the question to the court was giving consideration to extraneous matter not a part of the record and the court should have then and there instructed the jury that subject-matter of the question which the juror propounded to the court was irrelevant, and immaterial, and that if either of the drivers had been fined in the municipal court for a violation of the ordinance that fact would not have been admissible in the trial of the instant case. We do not think that the question necessarily indicates that the juror had any private knowledge as to whether either of the parties had been fined in the municipal court. To our minds it will be going far afield to so construe the question. This ground is not meritorious.

In view of what we have said, we can not say as a matter of law that the judgment of the court overruling the amended motion for a new trial should be reversed either on the general grounds or on the special grounds.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*