69733. MURPHY et al. v. D'YOUVILLE CONDOMINIUM ASSOCIATION, INC. et al.

(333 SE2d 1)

BENHAM, Judge.

Appellant Paul Murphy (hereinafter "appellant") was seriously injured when he dived into the shallow end of a swimming pool at the D'Youville Condominiums and struck the bottom. He and his wife subsequently brought suit against several defendants who are or have been involved in the ownership, operation, design, construction, and maintenance of the pool. Six of the defendants moved for summary judgment, contending that appellant's claim was barred by his negligent failure to exercise ordinary care for his own safety. The grant of those motions is the subject of this appeal.

" 'As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. [Cits.] The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and indisputable.' [Cit.]" *Manheim Services Corp. v. Connell*, 153 Ga. App. 533, 534 (265 SE2d 862) (1980).

The uncontradicted evidence in this case shows that appellant, a resident of the condominiums where the pool was located, was thor-

oughly familiar with the layout of the pool in which he was injured. During the summer of the preceding year, appellant testified, he swam and dived in the pool almost every day. Appellant testified that he was aware of the depth of the pool and was familiar with the depth markings on the sides of the pool. He further testified that when he entered the water with the dive that led to his injury, he intended to penetrate under the water.

"The plaintiff went into the situation with his eyes wide open. He saw the whole picture; he had the opportunity to measure the risks, if any, and was under no compulsion [to dive into three feet of water] . . . Every adult is presumed to be endowed with normal faculties, both mental and physical. [Cit.]" *Simmons v. Classic City Beverages*, 136 Ga. App. 150 (4) (220 SE2d 734) (1975).

Appellant contends that a question of fact exists concerning the water level in the pool, basing his argument on evidence that the pool had a history of leaking and that he was ignorant of that problem. We find that argument unavailing for two reasons. First, whether the pool leaked or not, there is no evidence in the record that the water level in the pool was low on the occasion of appellant's ill-fated dive. Appellant testified, as did his wife and children, who were present when he entered the water, that the water level on that day did not appear any different than on any other day. The person who was employed to care for the pool testified that on the day following appellant's injury, she found the water level to be within its normal range, that is, slightly more than three feet deep at the shallow end. Second, even if the water level had been low, "[a]ppellant . . . was under a duty to use . . . his sight to discover any defects or dangers. [Cit.]" *Shuman v. Mashburn*, 137 Ga. App. 231 (1) (223 SE2d 268) (1976).

In support of a contention that his injuries were caused by negligent design and construction of the pool, appellant asserts that the evidence shows that there was a "hump" in the pool bottom at the point where appellant dived. Our review of the record does not reveal support for that contention. The evidence to which appellant refers is a survey of the pool bottom. As appellees point out, the report of the surveyor makes no mention of such an irregularity in the pool bottom. Appellant has drawn his conclusion that the "hump" exists by reference to the raw data compiled by the surveyor, specifically a drawing of the outline of the pool with the depth measurements shown at six-inch intervals. Contrary to appellant's conclusion, the survey shows only what the builder of the pool testified was the intended contour of the bottom of the pool, deepest in the middle and growing gradually shallower as it approached the sides. We note additionally that the depth at the point which appellant identifies as the peak of the "hump" is greater than three feet, the depth into which appellant knew he was diving.

Finally, appellant argues that appellees' failure to warn him of the danger of his conduct places the onus for his injury on them rather than on him. We disagree. "The duty to warn, a breach of which is tortious and actionable, must be based upon the owner or occupier of property having a superior knowledge . . ." *Tanner v. Ayer*, 150 Ga. App. 709, 711 (258 SE2d 545) (1979). There is no duty to warn of the shallowness of a pool if, as is uncontradicted here, the fact is apparent and known to the plaintiff. *Shuman v. Mashburn*, supra; *Day v. Trion Co.*, 56 Ga. App. 1 (192 SE 88) (1937). Under the circumstances of this case, and especially in light of appellant's thorough and complete familiarity with the pool in which he was injured, we find no error in the grant of summary judgment to appellees on the ground that the uncontradicted evidence shows that the proximate cause of appellant's injury was his failure to exercise ordinary care for his own safety. "[T]he uncontradicted evidence conclusively showed that by the exercise of very slight care [appellant] could have avoided the injury. [Cits.]" *Day v. Trion Co.*, supra at 4. See also *Davis v. LaRue Enterprises*, 146 Ga. App. 516 (246 SE2d 515) (1978); *Shuman v. Mashburn*, supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MAY 31, 1985 —
REHEARING DENIED JUNE 18, 1985 — 

*Kevin P. O'Mahony, Charles H. Ivy, David J. Dempsey, Andrew M. Scherffius III*, for appellants.

*J. Lee Rose, Eugene P. Chambers, Michael Welch, Barry S. Mittenthal, Stephen Kern, M. David Merritt*, for appellees.

*Peter F. Boyce*, amicus curiae.