**Anthony GEORGE, Individually and by Berry Ann George, as Legal Guardian and next friend, Plaintiffs/Appellants.**

**v.**

**BRANDYCHASE LIMITED PARTNERSHIP, A Georgia Limited Partnership, and Jason Property Management Company of Atlanta, Defendants/Appellees.**

No. 87-8052.

United States Court of Appeals,
Eleventh Circuit.

April 6, 1988.

---

Richard K. Hines, V, Neely Y Player, Atlanta, Ga., for defendants/appellees.

Before FAY and KRAVITCH, Circuit Judges, and ATKINS*, Senior District Judge.

ATKINS, Senior District Judge:

The plaintiffs appealed from an order of the district court granting summary judgment to the defendants Brandychase Limited Partnership and Jason Property Management Company of Atlanta. We find that the evidence was sufficient to form an issue of fact to be presented to a jury and accordingly REVERSE.

On June 27, 1982, the plaintiff Anthony George met with friends at his apartment in the Brandychase complex. The evidence shows that, over the course of the evening, Mr. George consumed at least two cans of beer. Although the complex pool closed at 10 p.m., Mr. George and a friend left the apartment in the early morning hours of June 28, intending to swim. Mr. George made a running dive into the shallow end of the pool and struck his head on the bottom.

The pool, access to which was by a gate off the adjoining parking lot, was built in a boot shape, the shallow end closest to the entrance. At either side of the shallow end of the pool was a set of concrete steps bisected by a railing. The toe of the boot, farthest from the entrance, held the diving board and was the deepest portion of the pool. The sides of the pool were marked with depth indicators beginning with a marking of "3" indicating a three foot depth. When the pool closed for the evening, the underwater lights were automatically extinguished and the entrance gate was locked. On the night in question, however, the gate had been left open and the area left partially lit; two of the four underwater lights were lit and some of the

Andrew M. Scherffius, Tamara McDowell Ayres, Atlanta, Ga., for plaintiffs/appellants.

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

deck area lights remained on creating a "shadow effect" on the pool surface.

Although a sign mounted on the gate listed the pool's operating hours and warned that use was at the swimmer's risk, opinion testimony of an aquatic expert stated that industry standards would place the sign elsewhere than on a gate which might open and obscure the message intended for those entering. Additional expert testimony opined that pool signs should include warnings against diving into shallow water and prohibitions against night swimming, neither of which was contained in the Brandychase pool message.

Finally, though the plaintiff had lived in the apartment complex for greater than a year, there was a dispute about whether he had ever frequented the pool before the night of his injury. He did not attempt to familiarize himself with the strange surroundings on that night but it is not evident that had he done so he would have been able to see the three foot mark given the absence of two of four underwater lights.

The district judge found that, though Mr. George did not have an appreciation of the pool, as did plaintiffs against whom summary judgment has been granted in past cases, *see, e.g., Sims v. Willoughby,* 179 Ga.App. 2, 345 S.E.2d 626 (1986); *Murphy v. D'Youville Condominium Ass'n, Inc.,* 175 Ga.App. 156, 333 S.E.2d 1 (1985), he could have avoided the danger of diving into shallow, relatively unlit waters which were not clearly marked had he merely exercised ordinary care; Mr. George's failure to use ordinary care was the proximate cause of his injury thereby insulating the defendants from any culpability. Georgia law provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." O.C.G.A. § 51–11–7.

■ "Proximate cause" is the negligent act that actively aids in producing the injury as a direct and existing cause. *See Cain v. Vontz,* 703 F.2d 1279, 1282 (11th Cir.1983) (citing *Lewis v. Harry White Ford, Inc.,* 129 Ga.App. 318, 199 S.E.2d 599

(1973); *Wright v. Southern Ry. Co.,* 62 Ga.App. 316, 7 S.E.2d 793 (1940)). Negligence which is the proximate cause of an injury is an act which a person exercising ordinary caution and prudence could have foreseen producing an injury. *Cain,* 703 F.2d at 1282 (citing *Harris v. Hardman,* 133 Ga.App. 941, 212 S.E.2d 883 (1975); *Teppenpaw v. Blaylock,* 126 Ga.App. 576, 191 S.E.2d 466 (1972)). Under Georgia law, questions of negligence and proximate cause including the related issues of comparative negligence and assumption of risk are peculiarly within the province of the jury, *see, e.g., Cain,* 703 F.2d at 1283; *Decker v. Gibson Products Co., Inc.,* 679 F.2d 212, 216 (11th Cir.1982); *Morgan v. Westinghouse Elec. Corp.,* 579 F.Supp. 867, 870 (N.D.Ga.1984); *Lay v. Munford, Inc.,* 235 Ga. 340, 219 S.E.2d 416 (1975); *Simmerson v. Blanks,* 149 Ga.App. 478, 254 S.E.2d 716 (1979); *General Telephone Co. of the Southeast v. Hiers,* 179 Ga.App. 105, 345 S.E.2d 652 (1986), unless the evidence is "so plain, palpable and indisputable" that a court can find negligence as a matter of law. *Garrett v. Royal Bros. Co., Inc.,* 225 Ga. 533, 535, 170 S.E.2d 294, 296 (1969) (citing *Dixon v. Dixon,* 103 Ga.App. 166, 168, 118 S.E.2d 713, 715 (1961)).

■ The facts of the instant case are not "susceptible of but one inference" and therefore the negligent conduct is not a question of law for a court to determine but one of fact for a jury. *See Smith v. American Oil Co.,* 77 Ga.App. 463, 494, 49 S.E.2d 90, 108 (1948). Georgia has determined that "[t]he duty of a plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the negligence of the defendant becomes known to the plaintiff or by the exercise of ordinary care should have been known to him." *See id.,* 49 S.E.2d at 108. However, "[i]f there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing an act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to

ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained...." *Id.* 77 Ga.App. at 495–96, 49 S.E.2d at 110 (quoting *Western and Atlantic Railroad Co. v. Ferguson,* 113 Ga. 708, 713, 39 S.E. 306, 308 (1901)). We believe that the evidence discloses an issue of whether an ordinarily prudent person would have reasonably apprehended the possibility of a danger and thus exercised ordinary care to avoid its consequences. We do not find this decision to be inconsistent with the decisions of the Georgia courts that have granted summary judgment to defendants in "swimming pool" cases. In *Sims v. Willoughby,* the court found that the plaintiff was fully aware of the depth of the water at the point that he chose to dive into the pool having used it on numerous occasions. 179 Ga.App. at 4, 345 S.E.2d at 628. The court also noted that the question of whether a plaintiff should have known of a dangerous condition was one for the jury. *Id.,* 345 S.E.2d at 628. Likewise, in *Murphy v. D'Youville Condominium Ass'n, Inc.,* the court determined that there was no duty to warn where uncontradicted facts showed that the plaintiff knew of the depth of the pool. 175 Ga.App. at 157, 333 S.E.2d at 2. The court found that the plaintiff in *Murphy* had a "thorough and complete familiarity with the pool in which he was injured." *Id.,* 333 S.E.2d at 2. Such is not the case in the action before this court. The question of the plaintiff's familiarity was in dispute, a fact which distinguishes this case from those cited. The existence of a material fact prevents summary adjudication and therefore this case is REVERSED AND REMANDED.