*O. J. Coogler, McElreath & Scott,* contra.

## 21256. LEE v. GEORGIA FOREST PRODUCTS CO.

STEPHENS, J. Where the owner of premises left dynamite caps, which were dangerous explosives, in a box exposed and unguarded, beside a traveled private roadway on the premises, and easily accessible to children, who are attracted thereto, the dynamite caps at the time not being put to immediate use by the owner, and where a child eight years of age, who had come onto the premises with the owner's permission and while using the roadway, picked up some of the dynamite caps, the dangerous character of which was not known to him, and carried them to his home, where his brother, a child four years of age, himself unaware of the dangerous character of the caps, was attracted to them by their bright

color and undertook to play with them by rattling them in a tin bucket, and the caps exploded and injured him, the owner of the premises, in permitting the dynamite caps to be thus left unguarded and exposed upon the premises by the roadside under the circumstances, may have been guilty of negligence proximately causing the injuries to the child, and it may be inferable that the owner, in thus permitting the caps to be upon the premises under the circumstances, was guilty of gross negligence and a wanton act. In a suit by the injured child against the owner of the premises, to recover damages for the injuries thus sustained, the petition as amended set out a cause of action and was improperly dismissed on demurrer. *Mills* v. *Central of Georgia Railway Co.*, 140 *Ga.* 181 (78 S. E. 816); *Wallace* v. *Matthewson*, 143 *Ga.* 236 (84 S. E. 450; *Terrell* v. *Giddings*, 28 *Ga. App.* 697 (112 S. E. 914).

     *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1932. ADHERED TO ON REHEARING, MARCH 5, 1932.

*Emmett McElreath, S. C. Townsend,* for plaintiff.

*R. D. Meader, Reese, Scarlett, Bennet & Highsmith,* for defendant.

## ON REHEARING.

STEPHENS, J. It is insisted in a motion for rehearing that the language contained in the syllabus, "the dynamite caps at the time not being put to immediate use by the owner," is not authorized by the averments of the petition; that, construing the petition most strongly against the pleader, the dynamite caps were on the roadway for the purpose of being used in the repair work or construction work being done, and there is nothing in the petition from which an inference could be authorized that the defendant negligently left the dynamite caps in an exposed position for any considerable length of time. It is insisted that the petition does not show the time of day when the accident happened, and therefore does not exclude the idea that the construction work had been temporarily discontinued for the lunch hour or some other purpose, and does not show that the defendant's employees were not about to return to the work and the use of the dynamite caps. It is insisted that in these respects the case differs from those cited in the syllabus. It is true that the petition indicates that construction work was in process of performance at the time the dynamite caps were left unguarded and exposed by the roadside that the children were entitled to use. Such was the case, how-

ever, in *Terrell* v. *Giddings,* supra. The possible negligence consists in leaving such a dangerous instrumentality at all exposed and unguarded for any length of time during which the defendant might have anticipated that persons such as the child who came upon them might be so attracted by them as to expose themselves or others to danger. It seems to be generally recognized, as a general principle of law, that one using or handling any instrumentality of an unusual and dangerous character is bound to take exceptional precautions to prevent injury thereby, and that children of tender years and youthful persons generally are entitled to a degree of care proportioned to their ability to foresee and avoid the perils that may be thus encountered. 20 R. C. L. 37, 51; 43 A. L. R. 426, note 435 (2), 447. The fact that the defendant's servants might or might not have intended to return to the place of construction where the dynamite caps were thus left unguarded and exposed, at some short or indefinite time thereafter, would not relieve the defendant from taking the necessary and proper precautions during the interval, however short, during which the operatives were in fact absent.

The Supreme Court decisions cited in the syllabus, which deal with explosives picked up by children, are controlling. The rulings in *Haley Motor Co.* v. *Boynton,* 40 *Ga. App.* 675 (150 S. E. 862), *City of Atlanta* v. *Guice,* 41 *Ga. App.* 146 (152 S. E. 144), *Smith* v. *Georgia Power Co.,* 43 *Ga. App.* 210 (158 S. E. 371), and *Callaway* v. *Central Georgia Power Co.,* 43 *Ga. App.* 820 (160 S. E. 703), dealt with entirely different situations, and are so far different on the facts as to be clearly distinguishable. The judgment of reversal is

*Adhered to on rehearing. Jenkins, P. J., and Bell, J., concur.*