44385.   JONES v. JONES, by Next Friend.

ARGUED APRIL 7, 1969—DECIDED JUNE 12, 1969.

*James O. Goggins,* for appellant.

*Rich, Bass, Kidd & Broome, Casper Rich, C. Richard Avery,* for appellee.

QUILLIAN, Judge. ■ Louise Brown testified that: she was employed by the defendant as a cook; she prepared the soup the day plaintiff was burned and that she cut off the stove at eleven o'clock; the soup came to a boil while cooking; on that day she waited ten or fifteen minutes before putting it on the cart in a different bowl from that in which the soup was prepared; this was a large Tupperware bowl and she put the lid on the bowl and placed it on the cart; the lid on the bowl was sufficiently snug to be airtight; she then finished putting on the dessert and took it in to the baby nursery around 11:25; Mrs. Wood took over from there; she pushed the cart inside the door and into the room against the wall and then she came out; that she did not know how long it was after she returned to the kitchen that Mrs. Wood came running in and said that the soup had spilled.

Marjorie Wood, an employee of the defendant testified: that the children sat in little chairs at a little low table; that the children ate from the table; that she had in her care ten or twelve children, and customarily she was the only adult in the room when the children were fed; that she only served the food and had nothing to do with its preparation; that Louise [Brown] brought the soup, about a half a gallon, from the kitchen to the room where the children were seated; that the soup was in a Tupperware bowl sealed with a lid and the cook left it on a serving cart; that the cart was placed next to Mrs. Wood who was also seated at the table, and she thought the plaintiff was seated next to her on the other side; that she took the soup set in front of her on the table and loosened the lid; that Mrs. Wood turned around to get the bowl to serve the soup, and plaintiff knocked it over; that the soup was hot, but that she believed at the time it was lukewarm; that all the food she served the children was always brought in and it was warm, very warm; that the soup fell on Yvette's clothes and burned her legs; that she

had been given no instructions relative to the serving of hot food to the children; that she knew of no rules in existence at that time relative to the serving of food to the children; that she did not know the soup was hot enough to burn at the time she attempted to serve it; that when she lifted the container, which did not have handles, it did not feel hot.

The defendant testified: that she was the owner and director of the Gresham Park Kindergarten and Day Nursery and had been at that location for about ten years; that Mrs. Wood was instructed by her never to leave the room where the children are without another staff member to take care of the children while she is gone and to serve meals from the serving tray; that she had instructed her employees to leave the food on the serving tray from which it was to be served; if this was not done it would be in violation of her instructions.

The medical testimony disclosed that the plaintiff received burns which were permanent in nature.

The plaintiff being two years of age at the time of the injury could not be guilty of contributory negligence. *Anthony v. Dutton,* 73 Ga. App. 389 (2) (36 SE2d 836) ; *Red Top Cab Co. v. Cochran,* 100 Ga. App. 707 (112 SE2d 229). Children of tender years are entitled to that degree of care proportioned to their ability to foresee and avoid perils that may be encountered. *Lee v. Ga. Forest Products Co.,* 44 Ga. App. 850, 852 (163 SE 267).

In considering the evidence as a whole we conclude that a finding was demanded that the defendant's agent was negligent in placing the extremely hot soup in the close proximity of the two-year old child because in doing so the act created a situation of which the results and consequences were neither remote nor unforeseeable but apparent. The direction of a verdict on the question of negligence was not error.

■ Enumerations of error numbers 3, 5, 6, 7 and 8 contend that the court erred in failing to give certain requests to charge. These requests dealt with the issue of negligence and, in view of what is held in Division 1 of this opinion the court's refusal was not error.

■ In enumeration of error number 4 the appellant contends that the judge should have instructed the jury as to nominal

damages. In view of the facts of this case such a charge would not have been authorized. *Ransome v. Christian*, 56 Ga. 351; *Potter v. Swindle*, 77 Ga. 419, 423 (3 SE 94).

■ Enumeration of error number 9 insists that the trial court committed error in admitting certain testimony of Dr. Warren Franklin Brown, a plastic surgeon. The evidence objected to was: "Q. What is the primary purpose of the plastic surgery in connection with this condition, Doctor? A. Well they are two-fold. This is a young lady, and as she grows older and starts dating and what not, if this is left alone, she's not going to be able to go to any swimming parties without feeling anxious about this or upset—I've seen too many of them."

The appellant contends that the doctor was testifying as to the plaintiff's future state of mind and the evidence should not have been admitted. With this contention we cannot agree. The witness had qualified as an expert and could testify as to his opinion on any medical question within the domain of the professional calling the witness pursues. Furthermore, the answer was explaining the purpose of plastic surgery.

■ The remaining enumerations of error cite as error the admission of four photographs of the plaintiff's injuries. It is argued that their admission was cumulative and therefore erroneous. This question was decided in *Cagle Poultry & Egg Co. v. Busick*, 110 Ga. App. 551, 552 (139 SE2d 461), wherein it was held that: "Whether any one of the four photographs offered in evidence would have been sufficient to accomplish the plaintiff's stated purpose, is immaterial, and the admission of all of them does not constitute a ground requiring reversal."

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*