## 44339. KENNEDY v. BANKS.

ARGUED MARCH 5, 1969—DECIDED JUNE 19, 1969.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Jack M. McLaughlin,* for appellant.

*Lawson E. Thompson, Henry B. Troutman, Jr.,* for appellee.

JORDAN, Presiding Judge. 1. The first two enumerations are based on the following excerpts from the instructions to the jury: (1) *"One would not be justified in assuming that a child would exercise the same degree of care for his safety as an adult under the circumstances,"* (2) *"nor is one justified in presuming that a child near the highway will remain in a place of safety."* Immediately following these excerpts the court continued, "I further charge you that motorists owe very young children a greater duty than they owe to normal adults. The question of whether the defendant used the legally required care, the degree of legally required care under all of the facts

and circumstances in this case is a question for you, the jury, to determine, and the court makes no intimation whatsoever in this regard." Elsewhere in his charge the court clearly instructed the jury that the defendant driver was required to be in the exercise of ordinary care under all the circumstances disclosed by the evidence.

Where exceptions are taken to a portion of the charge as given, we must look to the whole charge to determine whether such excerpts constitute reversible error. Viewed in this light we see no error. The legally required care was clearly defined in the charge, with the admonition that whether such care was exercised under all the facts and circumstances existing was a question for the jury.

The appellant cites the case of *Hieber v. Watt,* 119 Ga. App. 5 (165 SE2d 899), involving a similar factual situation. We there held it was not error to refuse to give a requested charge which stated that "A motorist, upon approaching children on the street, *must* consider their tenderness of age and the probability of their making sudden and erratic movements peculiar to such age," on the ground that such was not a correct statement of the law in that a jury *may* consider whether the exercise of ordinary care require that he do so in the light of the facts and circumstances proven. The requested charge therefore sought to delimit the jury by the use of language implying what they must consider rather than what they *could* or were *authorized* to consider. Since the request was not perfect in form, it was not error to refuse to give it. We are here concerned with the charge as given and can consider the whole charge in context rather than the limited view applicable to a requested charge. "Using certain phraseology when there would perhaps be a more appropriate word or words under the circumstances is unimportant, if the meaning of the court is correctly conveyed. . . Where possible, the courts will look to the substance of a charge rather than the form." Georgia Practice and Procedure (3d Ed.) p. 211, § 18-6. Using this guide, enumerations 1 and 2 show no reversible error.

2. Under the evidence the issue of liability was a matter for jury determination, and the trial judge did not err in overruling the defendant's motion for judgment n.o.v.

3. We have carefully considered the other enumerations of error dealing with exceptions to the charge and refusal to give requested instructions and conclude that they are without merit.

*Judgment affirmed. Hall and Whitman, JJ., concur.*