## 49912. HARRIS v. HARDMAN et al.

Evans, Judge.

Shelly Denise Hardman, age two years, while visiting her grandmother, Mrs. William H. (Louise) Harris, was trapped under an automobile being driven by William Porterfield in the driveway and was injured.

Howard Hardman, individually, and as next friend of Shelly Denise Hardman, sued the grandparents and Porterfield for injuries and medical expenses arising out

of the defendants' negligence. Porterfield became in default but the other two defendants answered and denied the complaint. The grandfather died before trial and the pre-trial order notes this fact and dismissed as to him unless a new party was substituted. This was not done.

At the conclusion of all evidence, plaintiffs dismissed the complaint as to Porterfield; defendant Harris moved for a directed verdict which was denied, and verdict and judgment were rendered in favor of plaintiffs for $7,500. Defendant moved for judgment notwithstanding the verdict or motion for new trial which was denied. Defendant appeals. *Held:*

1. Negligence which is the proximate cause of an injury is such an act that a person of ordinary caution and prudence would have foreseen that some injury might likely result therefrom. *Richards v. Harpe,* 42 Ga. App. 123 (10) (155 SE 85).

2. A child of four years or younger is conclusively presumed to be incapable of contributory negligence. Code § 105-204; *Crawford v. Southern R. Co.,* 106 Ga. 870 (2) (33 SE 826); *Riggs v. Watson,* 77 Ga. App. 62 (47 SE2d 900).

3. If the evidence was such that the custodian of a minor child should have foreseen that the child might be in danger, and the custodian knew of the danger, the custodian was negligent in not taking measures to protect the child, hence her negligence was the proximate cause of the injuries. *Atlanta B. & C. R. Co. v. Loftin,* 67 Ga. App. 601 (21 SE2d 290); *Teppenpaw v. Blaylock,* 126 Ga. App. 576 (191 SE2d 466).

4. The first enumeration of error contends that the court erred in denying the motion for judgment notwithstanding the verdict based upon the fact that intra-familial immunity barred the action, the grandmother was shown not to be the custodian, and there was no evidence presented upon which plaintiffs could recover.

Defendant concedes that there are no Georgia cases which would prevent a grandchild from suing its grandmother, and that grandparents as such do not stand in loco parentis to grandchildren. But to protect society generally, defendant insists the court should disallow an

intra-familial suit where the family is acting as custodian of the infant. In *Chastain v. Chastain,* 50 Ga. App. 241 (177 SE 828), it was held that a minor child has no civil remedy against its parents or one standing in loco parentis for injuries resulting from negligence. But that case involved the suit of a wife against her husband for wrongful death of their child. That case is inapplicable here. The grandmother was not in loco parentis with the child. The child was visiting the grandmother to spend the night. When a person undertakes to control and watch over a young child, even without compensation, he becomes responsible for injury to the child through his negligence. His duty to use reasonable care is not measured by what his duty would have been to a social guest or a licensee, but is to be gauged by the standard of the average responsible parent. See *Laite v. Baxter,* 126 Ga. App. 743, 747 (191 SE2d 531).

5. Children of tender years and youthful persons generally are entitled to care proportioned to their ability to foresee and avoid perils that they may encounter. *Lee v. Ga. Forest Products Co.,* 44 Ga. App. 850 (163 SE 267).

6. The evidence shows the child was two years old, placed in custody of the grandparents for the night, although the aunt who had held temporary custody was still present (such evidence possibly still showing joint custody); that Porterfield, as driver, was moving an automobile in the grandparents' yard, under the direction of the grandfather; and the grandmother allowed the child to leave her side, run toward the grandfather, and was injured by the moving automobile. All of this evidence left it for jury determination as to defendants' duty to care for the child at the time of its injury. It was not shown by this evidence, as a matter of law, that the grandmother was not the custodian at the time of its injury (even if such custody be joint). There was ample evidence from which the jury could infer the defendant failed to exercise that degree of care which an ordinarily reasonable person would in ordinary circumstances so exercise.

7. There was evidence to support the jury's findings, and the court did not err in overruling the motion for judgment notwithstanding the verdict, or the motion for

new trial as to the general grounds. The verdict and judgment was not excessive and had evidence to support it. None of the enumerations of error complaining thereof is meritorious. See *Kiker v. Davis,* 103 Ga. App. 289 (1) (118 SE2d 861).

8. A number of enumerations of error contend the court erred in failing to charge written requests concerning the standards of duty of an operator of a motor vehicle when young children are in the vicinity, citing *Kennedy v. Banks,* 119 Ga. App. 831, 832 (169 SE2d 180), and *Glover v. Dixon,* 63 Ga. App. 592, 604 (11 SE2d 402). Defendant bases its contentions that the evidence required these written requests on the theory that Porterfield was backing his car out of the driveway of the defendant Harris, and the child was near before and while starting and backing the vehicle. While the defendant Porterfield, driver of the car, was sued originally, he was dismissed from the case before the judge charged the jury. There was no contention in the pleadings that Porterfield's negligence was the *sole* cause of the injuries to the child, although it was contended that Porterfield's negligence caused same, as indeed they did, in conjunction with the negligence of others. Nor was there any request to charge to the effect that if Porterfield's negligence was the *sole* cause of the injuries to the child, the defendant Harris could not be held liable. While it is true that the law absolves a defendant from liability if it can be proven that someone other than he committed the *sole* negligence in the case (see *Atlanta, B. & C. R. Co. v. Loftin,* 67 Ga. App. 601, supra; *Teppenpaw v. Blaylock,* 126 Ga. App. 576, 578, supra), there was no such contention here.

9. The evidence did not show the negligence of Porterfield was the sole proximate cause, and with Mr. Porterfield no longer a defendant, the court did not err in refusing to give these charges. The cases of *Glover v. Dixon,* 63 Ga. App. 592, 604, supra, and *Kennedy v. Banks,* 119 Ga. App. 831, 832, supra, cited by defendant in support of contentions that the court erred in failing to give the written requests in regard to the duty of automobile drivers operating vehicles in the presence of small children, are not applicable to the facts in this case.

10. Counsel for the defendant argues several enumerations of error together in regard to alleged denials of motions for mistrial by the court. The transcript fails to disclose that motions for mistrial were made in several of these instances, and these are not entitled to consideration.

11. Objections to examination of prospective jurors were made in reference to a proposed question as to the grandparenthood of one juror and as to an inquiry in regards to viewing horrible pictures as to another. *But the questions were never asked, although proposed, and the court sustained objections to both.* Upon objection to another question, it was withdrawn (T. p. 80); and as to another the question was allowed, but not answered (T. p. 93); but in all of these instances no motions for mistrial were made or denied.

12. As to improper argument of counsel for plaintiff, the court sustained the objection of defendant's counsel, but there was no motion for mistrial or request for further corrective action other than the sustaining of the objection. As no motions for mistrial were made in these instances, there is nothing to review.

13. Defendant's counsel did move for a mistrial in regard to plaintiffs' inquiry of the defendant as to how defendant knew her attorney filed an answer in her behalf. Here objection was made that this would inject insurance coverage into the case, but the cross examination merely disclosed that defendant's counsel had made a defense on which defendant herself was not relying. The examination did not in anywise inject insurance into the case.

14. A motion for mistrial was made following colloquy between the foreman and the court after the jury had retired, and the jury returned requesting certain instructions. The following occurred: "The Foreman: May I ask one more question, sir. Is there insurance involved in this? The Court: That question, sir, you may not ask." (T. pp. 114, 115.) The court properly advised the jury in this regard. It was not shown that the jury was aware as to whether there was insurance in the case. Of course, evidence as to the existence of liability insurance is not ordinarily allowed in evidence. See *Black v. New Holland*

*Baptist Church,* 122 Ga. App. 606 (178 SE2d 571).

15. Defendant argues as to the allowance of testimony of the grandmother defendant that she felt she was at fault, and the testimony of the child's aunt that she heard the grandmother make such statement, and that such statements could have been natural feelings of remorse and responsibility. Defendant contends these were expressions or admissions against interest and a mistrial should have been granted. Proof of explicit voluntary admissions against interest are prima facie evidence of the facts admitted. See *Elder v. Smith,* 121 Ga. App. 461, 464 (174 SE2d 239); *Central of Ga. R. Co. v. Mosely,* 112 Ga. 914 (3) (38 SE 350); *Wade v. Drinkard,* 76 Ga. App. 159 (5) (45 SE2d 231); *Rossville Fed. Savings &c. Assn. v. Ins. Co. of North America,* 121 Ga. App. 435, 440 (174 SE2d 204) and cits. No motion for mistrial was made as to this testimony.

16. Error is enumerated upon the ground that the jury returned a verdict for a total amount in favor of plaintiffs, whereas the judge had instructed the jury as to pain and suffering and medical expenses. But the prayer was for one total amount. Objection was made after the charge, and the judge advised counsel that the prayer was for one total verdict, hence he saw no need to instruct the jury further. Since there was no written request for a special verdict under Code Ann. § 81A-149 (b), there is no error in the verdict.

17. Error is enumerated on the allowance by the court of the dismissal of defendant Porterfield, it being contended that his dismissal prevented contribution from that defendant. However, defendant could have protected herself by having a third-party complaint filed against this defendant. Further, no formal objection to the dismissal was made at the time of dismissal. We express no opinion as to whether defendant can now seek contribution under Code Ann. § 105-2012 (1) against this party. There is no merit in this complaint.

18. Error is enumerated because of the testimony of a plastic surgeon as to the scar on the child's back, defendant contending he was not qualified, and that the figures were purely speculative or estimated figures; and that he did not state facts upon which his figures were

based. But the doctor testified as to his qualifications as a doctor, his knowledge of patients' hospital bills, and hospital costs, including hospital rooms, use of operating room, recovery room, anesthesiologist expense, medications, dressing, and charges for the mother to stay with the minor child. The medical expert was amply qualified to render an opinion as to the future costs of plastic surgery. *Von Pollnitz v. State,* 92 Ga. 16 (3) (18 SE 301); *Carter v. Marble Products,* 179 Ga. 122 (1) (175 SE 480).

19. Error is enumerated on the failure to charge a written request as to *accident* as follows: "If you find from the evidence presented you that the accident in question proximately resulted from a sudden and unanticipated darting of the plaintiff, Shelly Denise Hardman, behind the motor vehicle of William Porterfield, and if you further find from the evidence presented you that Mrs. W. H. (Louise) Harris had no reason to anticipate such a darting and had no knowledge to warn her of it or the starting of the vehicle in question, in that event you would find that the accident resulted from an unvoidable accident insofar as the defendant, Mrs. W. H. Harris, is concerned and that this defendant is not liable to the plaintiffs." This request is plainly and distinctively argumentative. It implies the injury was the result of an *accident.* Only the jury could determine whether it was an accident. See *Smith v. Hazlehurst,* 122 Ga. 786 (50 SE 917); *Hutchinson v. Tillman,* 133 Ga. App. 660 (4, 5). Examination of the charge discloses that the court amply charged on accident and that such excludes the responsibility for the cause of the injury and that an accident is an unintentional occurrence which could not have been prevented by the exercise of ordinary care by either party. *American Home Assur. Co. v. Stephens,* 121 Ga. App. 306, 309 (174 SE2d 186).

20. Error is enumerated as to the admission in evidence of the mother's salary of $65 per week, which it was contended resulted in lost wages while she nursed her child after the injury. The court sustained objection to this question and answer as to lost wages, but allowed testimony that a nurse would make considerably more than the mother's $65 per week and that she was required

to stay away from work two weeks to care for her daughter as a nurse, thereby showing lost wages of $65 per week in the process. This evidence is illustrative of a medical expense which would have resulted had a nurse been employed to care for the child instead of the mother.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED FEBRUARY 13, 1975.

*Whelchel, Dunlap & Gignilliat, Wright Willingham,* for appellant.
*Douglas W. McDonald,* for appellees.