## 57177. PACE v. FOSTER et al.

SMITH, Judge.

Appellant Pace, the plaintiff below, contends the trial court erred in charging the jury, in failing to deliver certain requested charges, in overruling his motion for a directed verdict, and in denying the general grounds of his motion for new trial. Because the court erroneously charged on the doctrine of sudden appearance, we reverse.

At 7:30 on the morning of March 5, 1975, appellee Harold C. Foster transported his mother, by automobile, to Blackwell Elementary School in Marietta. After dropping his mother off, Foster proceeded along the school driveway to the exit intersecting Canton Road, onto which he eventually took a right. At that time, appellant, a school crossing guard dressed in a reflective vest, began walking along the edge of the school driveway toward the intersection. Foster stopped at a stop sign near the end of the driveway and, his view of traffic coming from the left along Canton Road being blocked by a fence, he gradually proceeded on a few feet to the Canton Road intersection, all the while focusing his attention back to the left. Without looking, appellant had walked briskly onto Canton Road and, stationing himself just to the right of the intersection, prepared to direct traffic. In the meantime, Foster had pulled slowly away from the intersection and, still looking to his left, collided with appellant. Foster admitted that, from the time when he let his foot off the brake after coming to a stop at the stop sign until the point of impact, he never looked straight ahead

but continuously looked to the left.

1. Assuming a charge on the doctrine would have otherwise been appropriate in this case involving an adult plaintiff, nevertheless the evidence did not authorize a charge on the doctrine of sudden appearance and the trial court committed error in giving one. "The 'sudden-appearance' doctrine [is] involved in cases where a child suddenly appears from behind some obstacle and runs into a vehicle *under circumstances where the driver had no occasion to anticipate it and guard against it and could do nothing to avoid a collision. . . "* (Emphasis supplied.) *Christian v. Smith,* 78 Ga. App. 603, 606 (51 SE2d 857) (1949). Here appellee testified he was not looking where he was going, and the evidence did not even remotely suggest that he could have done nothing to avoid the collision.

2. Appellant contends the trial court erred in refusing to deliver his requested charge that the driver of an automobile is bound to use reasonable care and to anticipate the presence on the street of pedestrians " 'having equal rights with him' " to be there. *Whiteway Laundry &c. v. Childs,* 126 Ga. App. 617, 620 (191 SE2d 454) (1972). Appellant's contention must fail, as he does not suggest and we find no evidence indicating that he was within a crosswalk, the factual situation which would have warranted the giving of the request. *Conner v. Mangum,* 132 Ga. App. 100 (3) (207 SE2d 604) (1974).

3. We find meritless other enumerations of error dealing with the court's charge as given and with its failures to charge. Appellant failed to raise proper objections following the court's charge, and we find no substantial error harmful as a matter of law. *I.B.E.W. v. Briscoe,* 143 Ga. App. 417 (6) (239 SE2d 38) (1977); *Mathews v. Penley,* 242 Ga. 192 (2) (249 SE2d 552) (1978); *Sullens v. Sullens,* 236 Ga. 645 (224 SE2d 921) (1976).

4. " 'Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of the jury in solving them, except in plain and indisputable cases.' "*Powers v. Pate,* 107 Ga. App. 25, 27 (129 SE2d 193) (1962). We find the evidence in the record to be particularly inconclusive as to the question of causation,

and we cannot say appellant established a clear and indisputable case of liability. Therefore, the trial court correctly denied his motion for directed verdict. *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448 (224 SE2d 25) (1976).

5. The remaining enumeration of error is moot.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED JUNE 7, 1979 — REHEARING DENIED JULY 26, 1979 —

*Paulk, Kearns & Reeves, L. A. Paulk,* for appellant.

*Downey, Cleveland & Moore, Lynn A. Downey, Joseph C. Parker,* for appellees.