## 57590. DUNN v. DUNN.

SHULMAN, Judge.

Minor plaintiff was awarded damages for injuries he sustained from a fall from the back of a pickup truck driven by defendant. On appeal, we affirm.

1. Appellant asserts as error the trial court's denial of his motion for a directed verdict on the grounds that minor plaintiff, as a guest passenger, had failed to prove gross negligence as a matter of law. We disagree with appellant's contentions.

In view of the evidence presented at trial, the jury would have been authorized to conclude that the minor plaintiff was under the control and supervision of defendant-appellant, or was an invitee who had conferred

a substantial benefit on the driver, and that the defendant was therefore obligated to exercise reasonable care in safeguarding the plaintiff from injury. See in this regard *Sturdivant v. Polk,* 140 Ga. App. 152 (4) (230 SE2d 115). See also *Wood v. Morris,* 109 Ga. App. 148 (2) (135 SE2d 484), recognizing that an independent duty of ordinary care may be owed to the occupant of an automobile notwithstanding the existence of the guest passenger relationship.

As the evidence pertaining to the minor plaintiff's status in defendant's automobile was in conflict, the court did not err in refusing to direct a verdict in favor of the defendant. See, e.g., *Reese v. Reese,* 142 Ga. App. 243 (1) (236 SE2d 20); *Albright v. Powell,* 113 Ga. App. 363 (1) (147 SE2d 848).

2. The trial court charged the jury on the duty to operate a vehicle in a reasonable and prudent manner. See Code Ann. § 68A-801. Appellant submits that under the facts of this case, a violation of § 68A-801 could not constitute gross negligence and that, therefore, the charge was not authorized by the evidence. Appellant also contends that the charge was incomplete as given. We do not agree.

Implicit in appellant's argument is the unwarranted assumption that this case should have been submitted to a jury solely on the issue of gross negligence. Pretermitting whether or not a violation of § 68A-801 could constitute gross negligence (but see *Kimberly v. Reed,* 79 Ga. App. 137 (1) (53 SE2d 208)), the issue of ordinary negligence was raised in the pleadings and by the evidence, and therefore the charge, as given, was pertinent.

Moreover, it is not necessary that the court charge the exact language of an applicable Code section in the absence of an appropriate request for such an instruction. *Hester v. Muscogee Motor Co.,* 184 Ga. 49 (4) (190 SE 591). As there is no indication that defendant made such an appropriate request, or even objected to the language of the charge, no error appears. As to the failure to object to language of a charge, see *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400 (3) (238 SE2d 756).

3. The trial court charged the jury that children of tender years are entitled to that degree of care

proportioned to their ability to foresee and avoid perils that may be encountered. *Jones v. Jones,* 119 Ga. App. 788 (1) (168 SE2d 883).

Appellant contends that this charge, contrary to the duty of slight care owed by appellant to appellee by reason of the guest passenger rule, erroneously authorized the jury to find that appellant owed the minor plaintiff a higher degree of care merely because of the appellant's age. We find no error here.

The charge as given did not infer that a duty of ordinary care was owed the minor plaintiff in view of his tender years; rather, the court, in essence, instructed the jury that the age of the plaintiff was a factor to consider in determining whether or not defendant exercised that duty of care owed the plaintiff as an occupant in his truck, be it a duty of slight care or ordinary care.

As the court stated a correct principle of law (*Jones,* supra; *Kennedy v. Banks,* 119 Ga. App. 831 (1) (169 SE2d 180)), we find no merit in appellant's contentions of error.

4. In its charge, the trial court distinguished between the standard of care which would be owed to the plaintiff as a guest passenger in defendant's vehicle and that standard of care which would otherwise be owed to the minor plaintiff.

Appellant, citing *Sturdivant v. Polk,* supra, claims that as the evidence demanded a finding that plaintiff was a guest passenger in defendant's vehicle, the court erred in submitting the issue of defendant's duty to exercise ordinary care and diligence to the jury. As we disagree with appellant's premise, we must reject his conclusion.

A. Contrary to appellant's assertions, the evidence did not demand a finding that the guest/host relationship existed. The jury would have been authorized to conclude from the evidence that the minor plaintiff was owed a duty of ordinary care (i.e., if they determined that minor plaintiff was, as he contended, either an invitee conferring a substantial benefit on appellee or a minor in the custody of the defendant). This being so, the charge is not erroneous for the reason assigned.

B. We note that the *Sturdivant* case, far from supporting appellant's position on appeal, may be construed as authority for holding that appellant was not

entitled to any instruction on the duty of slight care. We think that such a construction would be erroneous.

Where, as here, the evidence merely authorizes (and does not demand) a finding that an occupant of a vehicle was both a guest passenger and a minor under the control and supervision of the driver, then the issue of the occupant's status and the corresponding duty of care owed by the driver to the occupant are properly for the jury. Should the jury determine (or the uncontradicted evidence show) that the occupant concurrently enjoyed the status of guest passenger and minor under the driver's care and supervision, then the driver is to be governed by the greater duty of care relative to minors under a person's supervision and control. If the jury should determine that the occupant was either status, but not both, then that duty which attaches to the respective status should be applied to the driver.

As the foregoing enumerations of error are without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 3, 1979 — DECIDED JULY 6, 1979.

*Reinhardt, Whitley, Simpson & Rogers, Glenn Whitley,* for appellant.

*Fallin & Kirbo, Billy G. Fallin,* for appellee.