### 59070. REED v. DIXON.

CARLEY, Judge.

Suit was instituted seeking recovery of general and special damages for injuries sustained by the minor appellant-plaintiff when she was struck by appellee-defendant's car. The jury returned a verdict for appellee. Appellant appeals, enumerating as error the failure to give several requested jury charges and the denial of her motion for new trial.

1. Appellant's request of the following charge was refused: "[A] person is not justified in presuming that a child near the highway will remain in a place of safety. I further charge you that *motorists owe very young children a greater duty than they owe to normal adults.* The question of whether the defendant used the legally required care, the degree of legally required care under all of the facts and circumstances in this case is a question for you, the jury, to determine, and the Court makes no intimation whatsoever in this regard." (Emphasis supplied.) This request was not erroneously refused. "This was not a correct statement of the law. The legal requisite of the motorist as to parties on the street or highway, whether in other vehicles or as pedestrians, and whether child or adult, is the exercise of *ordinary* care . . . The jury is entitled, of course, to consider the circumstances, including capacity or lack of capacity of the child because of its tender age, in determining whether the defendant exercised ordinary care as to it." *Hieber v. Watt,* 119 Ga.

App. 5, 11 (165 SE2d 899) (1969).

*Kennedy v. Banks,* 119 Ga. App. 831 (169 SE2d 180) (1969), relied upon by appellant, does not require a different result. In that case the charge requested here by appellant was reviewed in the context of the charge *as given.* The court, noting that "[e]lsewhere in his charge the court clearly instructed the jury that the defendant driver was required to be in the exercise of ordinary care under all the circumstances disclosed by the evidence," held that no *reversible* error was shown in giving the charge. "We are here concerned with the charge as given and can consider the whole charge in context rather than the limited view applicable to a requested charge. 'Using certain phraseology when there would perhaps be a more appropriate word or words under the circumstances is unimportant, if the meaning of the court is correctly conveyed . . . Where possible, the courts will look to the substance of a charge rather than the form.' [Cit.]" *Kennedy v. Banks,* 119 Ga. App. 831, 832, supra. Under these circumstances, the court in *Kennedy* held that construing the charge as a whole "[t]he legally required care [ordinary care] was clearly defined in the charge, with the admonition that whether such care was exercised under all the facts and circumstances existing [the age of the deceased] was a question for the jury." *Kennedy,* supra.

Here, unlike *Kennedy* but like *Hieber,* we review the charge in the context of a refused request. The trial court may properly refuse a requested charge when it is infected with any inaccuracy even though the request may not be so erroneous as to require reversal if given. *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173) (1978). Insofar as this request can be taken "as requiring more than ordinary care in the light of the circumstances it is contrary to the well settled law as determined by the Supreme Court and this court in prior cases, is unsupported by the cases cited, and cannot be followed." *Hieber,* supra at p. 11. See also *Dunn v. Dunn,* 150 Ga. App. 592, 593 (3) (258 SE2d 274) (1979). "[I]t would have been erroneous to charge in effect that an automobile driver must exercise extraordinary care in any such particular exigency. [Cits.] . . . It is for the jury to

determine whether specific stated circumstances require the exercise of additional care and prudence, and it is error for the trial judge to instruct the jury that under certain stated circumstances, greater care and prudence is required in order to meet the standard set by the law." *Wright v. Dilbeck,* 122 Ga. App. 214, 229 (176 SE2d 715) (1970). "[A] request for a charge based upon an improper legal standard is properly refused." *McMullen v. Vaughan,* 138 Ga. App. 718, 721 (227 SE2d 440) (1976). Appellant would have been entitled to a charge, if requested, that the jury, in determining whether appellee exercised ordinary care as to appellant, could consider the circumstances of her capacity or lack of capacity, because of her tender years, and the fact that she could not be contributorily negligent or charged with failure to exercise ordinary care as to her own safety. See *Hieber,* supra at p. 11. But the request here, insofar as it would impose upon appellee a standard of care higher than ordinary care under the circumstances, was not a correct and complete statement of the law and was not, therefore, erroneously refused. *Roberson v. Hart,* 148 Ga. App. 343, supra.

2. Appellant enumerates the failure to charge on several statutes which "were valid and existing statutes of the State of Georgia governing the flow of traffic on its highways at the date and place of the collision involved in this litigation." The record reveals, however, that the trial court did in fact give a charge on Code Ann. §§ 68A-504 and 68A-801. A charge on Code Ann. § 68A-301 was not adjusted to the evidence. A charge on Code Ann. § 68A-1104 was the subject of a separate request and will be discussed in a subsequent division of this opinion. There is no merit in this enumeration.

3. Appellant requested a charge on Code Ann. § 68A-1104 (a): "No person shall drive a vehicle when it is so loaded, or when there are in the front seat such a number of persons, exceeding three, as to obstruct the view of the driver to the front or sides of the vehicle or as to interfere with the driver's control over the driving mechanism of the vehicle." There was evidence that at the time of the incident, appellee shared the front seat of the car he was driving with three other persons, his two teenage

daughters and his two-year-old son. There was evidence that the young child was "moving around up in the front seat some." The child was also permitted to stand in the seat beside his father. An eyewitness to the incident testified that appellee "had a small child in his lap when he hit [appellant], and the baby had a hold of the wheel. I don't know whether it was driving or what, but it had a hold of the wheel." This evidence, we believe, authorized a charge on Code Ann. § 68A-1104 (a). A request to charge this statute was made and objection raised when the trial court failed to so instruct the jury. It was error, under these circumstances, to fail to give the charge. Compare *Durrett v. Farrar,* 130 Ga. App. 298, 307 (9) (203 SE2d 265) (1973). Appellee contends only that there was no showing of a causal connection between the alleged violation of this statute and the occurrence. We do not agree. The Code section was applicable and should have been charged together with the further instruction that should the jury find a violation and, therefore, that negligence per se existed, they should go further and determine whether it was the proximate cause of any injury or damage. *Tittle v. McCombs,* 129 Ga. App. 148, 149 (8) (199 SE2d 363) (1973). The failure to give the proper written request to charge was error requiring the grant of a new trial. *State Hwy. Dept. v. Davis,* 129 Ga. App. 142, 146 (3) (199 SE2d 275) (1973).

4. Appellant enumerates the failure to give three requested charges on damages. Since we reverse the judgment because appellant's request to charge Code Ann. § 68A-1104 (a) was erroneously refused, we must address this enumeration for the benefit of the parties and the court upon retrial of this case. Concerning two of these requests we need only say that they were couched in argumentative language and the abstract principles contained therein were otherwise covered in the general charge. Thus we find no error in the failure to give these two requests.

The third refused request, which was apparently based upon language in *Western & Atlantic R. Co. v. Young,* 81 Ga. 397 (4) (7 SE 912) (1888), was as follows: "I charge you that in the case of an injury to a child of tender years, resulting in a permanent injury, the law furnishes

no measure of damages other than the enlightened conscience of impartial jurors, guided by all the facts and circumstances of the particular case. Among the results of the injury to be considered are pain and suffering, disfigurement and mutilation of the person, and impaired capacity to pursue the ordinary applications of life at and after the attainment of majority." Here, as in *Clary Maytag Co. v. Rhyne,* 41 Ga. App. 72, 76 (4) (151 SE 686) (1929), "[a]pparently [appellee] concedes that the pleadings set forth and the proof shows injuries which the jury could have found were of a permanent nature. Such being the case . . . the ruling of the Supreme Court in *Western & Atlantic R. Co. v. Young,* supra, is controlling." Thus, the failure of the trial court to give appellant's requested charge as to her recovery for impaired earning capacity left the jury uninstructed as to an element of recoverable damages should her injuries be found to be permanent in nature. This was error. Cf. *Seaboard Air Line Railway v. Brewton,* 150 Ga. 37 (2) (102 SE 439) (1920). The trial court should have given appellant's requested charge. Cf. *State Hwy. Dept. v. Davis,* 129 Ga. App. 142, supra; *Thomas v. Barnett,* 107 Ga. App. 717, 725 (3) (131 SE2d 818) (1963); *Jackson v. Ely,* 56 Ga. App. 763 (4) (194 SE 40) (1937).

5. Appellant further enumerates as error the failure to give two charges. The requested charge dealing with "equal rights" of pedestrians and motorists on the highways was somewhat loosely based on the language in *O'Dowd v. Newnham,* 13 Ga. App. 220 (1) (80 SE 36) (1913). The request was, however, incomplete, argumentative, and it would have been error to have given it. *Wells v. Alderman,* 117 Ga. App. 724, 733 (7) (162 SE2d 18) (1968); *Taylor v. Crawford,* 119 Ga. App. 262 (1) (167 SE2d 404) (1969); *Conner v. Mangum,* 132 Ga. App. 100, 103 (3) (207 SE2d 604) (1974); *Pace v. Foster,* 150 Ga. App. 895, 896 (2) (259 SE2d 100) (1979). Even though appellant was only slightly over a year old and, therefore, not chargeable with contributory negligence in wandering into the street where there was no crosswalk, *Russell v. Corley,* 212 Ga. 121 (91 SE2d 24) (1956), "[her] right to recover, if any, depends not on [her] equal right to the street but on a determination of . . . whether the

[appellee] should have discovered [her] standing motionless in a position of peril in time to have avoided hitting [her]." *Taylor v. Crawford,* 119 Ga. App. 262, 263, supra.

The remaining charge which was requested but not given was held to have been erroneously given in *Watson v. Riggs,* 79 Ga. App. 784, 786 (8) (54 SE2d 323) (1949). Therefore, the trial judge correctly refused to charge in accordance with this request.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 7, 1980 — DECIDED
FEBRUARY 26, 1980.

*Gerald S. Mullis,* for appellant.
*Robert S. Slocumb,* for appellee.