Carolyn CAIN, Mother of Mary C. Cain, Deceased, Plaintiff-Appellant, Cross-Appellee,

v.

Frederick K. VONTZ, d/b/a the Springs Apartments of Macon, Georgia, Defendant-Appellee, Cross-Appellant.

No. 82–8245.

United States Court of Appeals, Eleventh Circuit.

April 25, 1983.

granting the motion for summary judgment in this wrongful death suit. The appellee, cross-appellant, Frederick Vontz, appeals the denial of his motion to dismiss the complaint on the ground that Carolyn Cain did not have a cause of action under the Georgia Wrongful Death Statute in effect on the date of her daughter's death.

On October 24, 1980, Carolyn Cain, mother of the deceased, Mary C. Cain, filed suit against Frederick K. Vontz as owner and operator of The Springs Apartments for the wrongful death of her daughter. The complaint alleged that Mary C. Cain was a lawful tenant at The Springs Apartments; that the defendant knew or should have known that there was a risk of criminal activity in the apartment complex; that there had been a break-in of the apartment of Mary C. Cain resulting in the destruction of the locking devices on the door; that the defendant, by his agents, agreed to repair the door and replace the locks, but failed to do so; that Mary C. Cain was shot twice in the head and killed while asleep in the bed of her apartment. The appellant averred that the negligence of Vontz was a direct and proximate contributing cause of the death of Mary C. Cain. Jurisdiction was based on diversity of citizenship.

Vontz, on September 14, 1981, filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. Vontz contended that the mother of the deceased had no cause of action under the Wrongful Death Statute as it stood on the date of her daughter's death. The motion was denied by the district court.

On November 5, 1981, Vontz filed a motion for summary judgment. In an attached brief he argued that the proximate cause of Ms. Cain's death was an independent, illegal act perpetrated by a third party, thereby insulating and excusing any negligence allegedly chargeable to him. Vontz also argued that the plaintiff would be barred from recovering, as a matter of

Westmorelan, Patterson & Moseley, Stewart R. Brown, Raymond M. Kelley, Macon, Ga., for plaintiff-appellant, cross-appellee.

Jones, Cork, Miller & Benton, Rufus D. Sams, III, Wallace Miller, III, Macon, Ga., for defendant-appellee, cross-appellant.

Before FAY and VANCE, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

The appellant, cross-appellee, Carolyn Cain, appeals the district court's order

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

law, by virtue of the exculpatory clause in the lease agreement, which would release Vontz from any liability. The motion was granted in an order dated April 9, 1982. This appeal followed and Vontz cross-appealed the denial of the earlier motion.

The issues before this court on appeal are, whether Carolyn Cain, as the mother of the deceased, has a cause of action; whether the exculpatory clause in the lease agreement releases the defendant from any liability and whether the intervening criminal act of a third party was the proximate cause of Mary Cain's death which insulated the defendant from the original negligence.

Vontz, as cross-appellant, raises the issue of whether the Georgia Wrongful Death Statute [1] in effect on the date of the death of Carolyn Cain's daughter recognized a cause of action in Carolyn Cain in her individual capacity as the mother of the deceased. He argues that since the parents were divorced, the parent who had custody of Mary Cain, at the time of her death on July 9, 1979, would be the proper party to bring the action. However, Mary C. Cain had reached the age of majority thus her mother, who was given custody at the time of the divorce, did not have custody of her daughter on the date of death and has no cause of action. Frederick Vontz urges this court to find that the district court judge erred in denying his motion to dismiss.

■ The district court judge examined the legislative history and the 1979 and 1980 versions of § 74–108 and former § 105–1307 in reaching his decision. We agree with his conclusion that the statute "obviously does give, at least by necessary implication, a right of action to the divorced parent who had custody of the child during the child's minority, regardless of whether at the time of the death the child was minor or *sui juris.*" To find that once a child reaches majority the divorced parent would have no cause of action, but parents who were not divorced would continue to have a cause of action would be a gross miscarriage of justice.

■ After establishing that Carolyn Cain is the proper party to bring this action, it is necessary to determine the effect of the

1. Prior to April 4, 1979 Ga.Code Ann. § 105–1307 provided in pertinent part:

A mother, or, if no mother, a father, may recover for the homicide of a child, minor, or sui juris, unless said child shall leave a wife, husband or child. The mother or father shall be entitled to recover the full value of the life of such child.

Effective April 4, 1979 this section was repealed by the Georgia legislature and Ga.Code Ann. § 74–108 was enacted providing:

(b) The parents, when not divorced, may recover for the homicide of a child, minor or sui juris, unless said child shall leave a wife, husband, or child. The parents shall be entitled to recover the full value of the life of such child. If either parent is deceased the surviving parent shall be entitled to recover the full value of the life of such child. If the parents are divorced, the parent with custody of the child may recover for the homicide of the child.

This was the applicable statute on July 9, 1979, when Mary Cain was killed. It was amended effective March 25, 1980 to read in part:

(b)(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full value of the life of the child either as provided in this section or as provided in Chapter 105–13.

(2) If the deceased child does not leave a spouse or child, the right of recovery shall be in the parent or parents, if any, given such a right by this paragraph.

* * * * * *

(C) If both parents are living but divorced, separated, or living apart, such right shall be in both parents. Provided, however, in the event the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, then, in either of these events, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as if they were not separated or living apart.

* * * * * *

(3) The intent of this section is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child. If in any case there is no right of action in a parent or parents under the above rules, then such right of recovery shall be determined by Section 105–1309. Acts 1980, p. 1154.

exculpatory clause in the lease agreement. Frederick Vontz argues that Carolyn Cain co-signed the lease signed by her daughter and the exculpatory clause in that lease agreement effectively releases him from any liability. The Georgia Supreme Court has recently addressed the issue of exculpatory clauses in residential leases. In *Country Club Apartments, Inc. v. Scott,* 246 Ga. 443, 271 S.E.2d 841 (Ga.1980), the court pointed out that the General Assembly enacted Code Ann. § 20–504 (G.L.1970, 441)[2] which declared such clauses void and unenforceable as against public policy. In spite of this action by the legislature the Court of Appeals continued to approve exculpatory clauses. The court went on to note that in 1976 the General Assembly rewrote that section in Code Ann. § 61–102[3] (as amended Ga.L.1976, pp. 1372, 1373, eff. July 1, 1976) clarifying that it applied to landlord tenant situations. The Supreme Court then expressly overruled "all cases which are in conflict with the statute." The court's opinion in *Country Club Apartments* and the applicable statute make it clear that the exculpatory clause in the lease agreement would not relieve Vontz of liability.

■■■ The remaining issue for this court is whether the district court judge erred in finding as a matter of law that the proximate cause of Mary Cain's death was the independent intervening criminal act of a third party which insulated the defendant from the original negligence. Under Georgia law "proximate cause" is not the last act or cause, or the nearest act to the injury. It is the negligent act that actively aids in producing the injury as a direct and existing cause. *Lewis v. Harry White Ford,*

*Inc.,* 129 Ga.App. 318, 199 S.E.2d 599 (Ct. App.1973); *Wright v. Southern Ry. Co.,* 62 Ga.App. 316, 7 S.E.2d 793 (Ct.App.1940). Negligence which is the proximate cause of an injury is an act that a person of ordinary caution and prudence could have foreseen that some injury might result therefrom. *Harris v. Hardman,* 133 Ga.App. 941, 212 S.E.2d 883 (Ct.App.1975); *Teppenpaw v. Blaylock,* 126 Ga.App. 576, 191 S.E.2d 466 (Ct.App.1972). The district court judge assumed for purposes of ruling on the motion, that the defendant had been negligent in failing to repair the lock. He then stated that the general rule in Georgia is that where there is the intervention of an independent illegal act of a third party, between the defendant's negligence and the injury, the criminal act should be treated as the proximate cause, thus insulating and excusing the negligence of the defendant. He went on to observe that Georgia appellate courts have held the general rule inapplicable in landlord tenant situations if the landlord had reasonable grounds for apprehending that such criminal acts would be committed. *Smith v. General Apartment Co.,* 133 Ga.App. 927, 213 S.E.2d 74 (Ct.App. 1975); *Warner v. Arnold,* 133 Ga.App. 174, 210 S.E.2d 350 (Ct.App.1974). The judge then concluded "if the criminal act committed against the tenant in this case had been burglary, the court would be required to allow a jury to pass upon the issues of foreseeability and intervening causation."

■■■ This case turns on whether the criminal actions of an unknown assailant were or should have been foreseeable to the defendant Vontz. If the intervening crimi-

---

2. Ga.Code Ann. § 20–504

A convenant, promise agreement or understanding in, or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building structure, appurtenances and appliances ... purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable.

3. Ga.Code Ann. § 61–102

(b) In any contract, lease, license agreement, oral or written, for the use or rental of real property as a dwelling place, a landlord or a tenant may not waive, assign, transfer, or otherwise avoid any of the rights, duties, or remedies contained in the following provisions of law:

(1) Code Section 44–7–13 relating to the duties of a landlord as to repairs and improvements;

(2) Code Section 44–7–14, relating to the liability of a landlord for failure to repair; ....

nal act was foreseeable, the original negligent party could still be liable. The judge apparently interpreted Georgia law to mean that a particular kind of crime should be "foreseeable" before a landlord would be liable for any earlier negligence. However, liability does not depend upon anticipating the particular injury or that a particular person would be injured. *Stern v. Wyatt,* 140 Ga.App. 704, 231 S.E.2d 519 (Ct.App. 1976); *Stuart v. Berry,* 107 Ga.App. 531, 130 S.E.2d 838 (Ct.App.1963). It is enough that by ordinary prudence the defendant could have foreseen that some injury or injurious consequence might have been anticipated from the act. *Southern Bell Telephone & Telegraph Co. v. Whiddon,* 108 Ga.App. 106, 132 S.E.2d 237 (Ct.App.1963); *Taylor v. Atlanta Gas Light Co.,* 93 Ga.App. 766, 92 S.E.2d 709 (Ct.App.1956). A dangerous situation was created when the defendant failed to repair the broken locks on a young woman's apartment door. It would not take a very farsighted person to be able to imagine the possible consequences of such an action. However, this is not for the court to determine. Georgia courts have said numerous times that questions of negligence, proximate cause, foreseeability and intervening causation are properly for a jury to determine. *Decker v. Gibson Products Co.,* 679 F.2d 212 (11th Cir.1982); *Lay v. Munford,* 235 Ga. 340, 219 S.E.2d 416 (Ga.1975); *Warner v. Arnold, supra; Stern v. Wyatt, supra.*

Because we find that the district court erred in determining proximate cause as a matter of law, we REVERSE the judgment of the district court and REMAND this matter for a trial on the merits.