**Vickie WILLIAMS, as surviving spouse of Howard Williams, deceased, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A. 04G0988M.**

United States District Court, N.D. Alabama, Middle Division.

Oct. 3, 2005.

Donald R. Rhea, Rhea Boyd Rhea & Coggin, Gadsden, AL, for Plaintiff.

Alice H. Martin, Winfield J. Sinclair, US Attorney's Office, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Vickie Williams, the surviving spouse of the claimant Howard Williams, deceased, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying claimant's application for Social Security Benefits. Plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995).

In the instant case, the ALJ, Robert Faircloth, determined the plaintiff met the first two tests, but concluded he did not suffer from a listed impairment. The ALJ determined the claimant could perform his past relevant work, and accordingly, found him not disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

■ In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote*, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can

be reasonably expected to give rise to the alleged pain.

*Foote,* at 1560 (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991)(parenthetical information omitted)(emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of

reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## DISCUSSION

■ The ALJ concluded the claimant had the following impairments: "a history of alcohol related cirrhosis and liver disease, a history of a hepatic coma, intractable nausea, vomiting and diarrhea and hypertension, dyspnea, a mood disorder and status post left hernia repair." [R 17] The claimant's past relevant work ("PRW"), was as a wrecker service operator. The vocational expert (VE) testified about the claimant's PRW as follows: "He has worked basically in one job, most of his working life. He's worked as a wrecker service operator. And that job would be classified as medium to heavy and is semi-skilled in nature." [R 61] The ALJ determined the plaintiff was able to perform "light exertion work with occasional balancing, stooping, kneeling, crouching or crawling and a sit stand option." [R 18] Based upon this RFC, the ALJ determined the plaintiff could perform his past relevant work:

> The vocational expert characterized his past work as a wrecker service operator as medium to heavy, semi-skilled work. The Administrative Law Judge finds that based upon claimant's residual functional capacity, the claimant could return to his past relevant work as a manager of a wrecker service business.

[R 19] It should first be noted that the determination claimant could perform his PRW as a manager of a wrecker service business was not supported by VE testi-

mony. The VE did not testify as to the exertional level of the managing aspect of the claimant's PRW. She did however testify about the impact of attendance on the claimant's ability to work:

ALJ: Let me ask you taking into consideration Mr. William's age and his education and his background, if you take his testimony that has been given whereas he's absent so much of the time. He's just partially involved in the day-to-day operations, as I understand. Do you have any comments with respect to the significance of substantial job performance.

VE: Well, Your Honor, this to me is an attendance issue. And at some jobs—

ALJ: Even though it's owned by him?

VE: Correct.

ALJ: Okay.

VE: There are some jobs, professional jobs, self employment jobs where one has lengthy employment with one employer where higher absenteeism would be tolerated. But he should miss, even in those kinds of jobs, no more than three to four days per month. And what he is describing certainly exceeds that.

ALJ: So if you assume—taking into account his age, education and work experience if you assume from what he says he's going down to check on the operation on average of one time—one day a week. The rest of the time it is being looked after mostly by his stepson and occasionally by his wife, who has a business of her own in a beauty shop business, I understand. Would that be a substantial effort in terms of self-employment?

VE: Not generally speaking, no. It would not be.

ALJ: Okay. Assume from what Mr. Williams has testified to with respect to his headache as all the time, some are bad and some are not so bad, but he has them all the time. With respect—and also with respect to the spells that he has where he has no energy and has according to him, have a walker to steady himself for the times when he is having dizzy spells .... And the situation with respect to his diarrhea whether he has six of [sic] eight times to the bathroom each day, on a good day, but 18 to 20 if it's worse. And also, with respect to his reflux disease where he—it causes some—and has some problems there even though he's had an operation where they wrapped his esophagus and it helped him some but not all that much. And if you take into consideration today his age, education and work experience with that situation, would he be able to work at any kind of job that would be significant participation even in a self-employment?

VE: No.

[R 63–64] There is no support in the VE's testimony for the ALJ's conclusion that the claimant's PRW included being "manager of a wrecker service business." The VE testified that claimant's past work was as a "wrecker service operator." When a claimant's PRW consists of a composite job, VE testimony about that job will often be required:

Also composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT. Such situations will be evaluated

according to the particular facts of each individual case. For those instances where available documentation and vocational resource material are not sufficient to determine how a particular job is usually performed, it may be necessary to utilize the services of a vocational specialist or a vocational expert.

SSR 82–61. There is no evidence the ALJ relied upon the DOT or any other vocational resources to determine whether or not the claimant's PRW included "manager of a wrecker service business" or the exertional requirements of such a position.

■ In addition to failing to properly support his determination as to the claimant's PRW, the ALJ also did not properly discredit the claimant's testimony about the impact of his subjective symptoms. His testimony was that due to his medical condition, he was only able to assist in the running of the wrecker business approximately one day per week. [R 50] His wife testified that there were times when the claimant was unable to go to the wrecker business for two weeks in a row. [R 55] The ALJ's refusal to credit their testimony is not supported by substantial evidence. Even the Commissioner's consulting examiners found the claimant's impairments to be quite limiting. Dr. Jani was relied upon by the ALJ, however, at the conclusion of his consultative physical examination he concluded as follows:

**FUNCTIONAL ASSESSMENT/MEDICAL SOURCE STATEMENT:**

Although, the claimant's neurological and muscular examinations are normal, considering his history of shortness of breath, *on my observation* while the claimant was asked to walk without the walker *he was getting dizzy and short of breath. The examination was abandoned.* Although, the claimant was able to dress and undress himself and sit on the table, the claimant needs further

evaluation to comment on his medical source statement and functional assessment. As far as sitting is concerned, the claimant can sit without any restriction.

[R 748] (emphasis added). This clearly does not support a finding the claimant can do light work. Even the Commissioner's psychological consultant remarked about the claimant's shortness of breath and fatigue:

He used a walker when ambulating about the office area. His gait was slower than normal. Mr. Williams seemed to suffer significant fatigue. The client's breathing was slow and labored.

[R 751] Other medical evidence supports the claimant's allegations of uncontrolled diarrhea. A treatment note dated September 12, 2000, contains the following:

The patient also reports that he has been having diarrhea for over a year with an average of 6–8 very loose stools a day, often with blood in his stool. The blood is generally bright red. He also reports that he has had extreme weakness for the past year and has had to ambulate with a walker.

[R 324]

The court concludes that no reasonable person would find the plaintiff's testimony not credible based upon the medical evidence of record and the reasons recited by the ALJ. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239. Therefore, substantial evidence does not support the decision of the ALJ.

■ The overwhelming evidence is that the plaintiff is not able to perform and sustain work related activities sufficient to allow him to perform any type of full time work, and no reasonable fact finder would

conclude otherwise. This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala,* 985 F.2d 528, 534 (11th Cir.1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. *Id.*

An appropriate order will be entered contemporaneously herewith.

### *FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***